[Civ. No. 4606. Third Appellate District.—May 17, 1933.]

ROSA SGHEIZA, Respondent, v. CARL B. JAKOBER et al., Appellants.

Wallace L. Ware, George W. Murphy, J. W. Ford and A. W. Hollingsworth for Appellants.

Barrett & McConnell and A. R. Grinstead for Respondent.

MILLER, J., *pro tem.*—This is an appeal from a judgment for $5,000 in favor of respondent, the mother and sole heir of Vito Sgheiza, her son, who was killed in an automobile accident September 14, 1931, at the intersection of two highways in Sonoma County. At the time of the death of Vito Sgheiza he was twenty-nine years of age and unmarried. He had for years contributed twenty dollars a month and some groceries towards his mother's support, and helped her on her little farm of thirteen acres. The plaintiff had a life expectancy of 17.52 years at the time of the death of her son.

At the time of the accident and resulting injuries to the deceased he was riding in an automobile driven by his brother, and Matilda Jakober, a minor of the age of sixteen years, was driving another automobile, belonging to, and in which her father, Carl B. Jakober, was riding. The minor's application for a driver's license was signed by both her father, Carl B. Jakober, and her mother, Matilda Jakober. Some years before the accident the minor's mother and father were divorced, and the exclusive control of the minor was awarded to and remained in the father.

The lower court found that the defendant driver was guilty of negligence that proximately caused the accident and resulting death. Such negligence being imputed to the signers of the application of the minor for a driver's license, judgment went against the three defendants.

There are two appeals before us: one by Carl B. Jakober and his daughter, Matilda, in which they urge as grounds for reversal that the court erred in denying their demand for a jury trial, and that the damages awarded were excessive; the other appeal is by Matilda Jakober, the mother of the minor, and her chief contention is that because she was not required by the statute to sign the minor's application, inasmuch as she did not have the custody of her daughter, she was a mere volunteer who signed without consideration, and, hence, incurred no liability by reason of her having signed such application.

Under the statute as it now exists, the application of a minor for a driver's license can only be granted when

signed by both father and mother, if they are living and have the custody of the applicant, otherwise, by the parent, guardian, employer or other person having the custody of such minor, or by the employer of such minor. (Sec. 62, subd. "A", Cal. Vehicle Act.) Subdivision "B" of the same section of that act declares that the negligence of a minor driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application, and that such signers, if more than one, shall be jointly and severally liable for damages caused by the negligence of such minor, except where the minor is driving a motor vehicle as the agent or servant, or upon the business of a person other than the person who signed such application.

At the time of the decision of *Buelke* v. *Levinstadt*, 190 Cal. 684 [214 Pac. 42], the statute contained the provision: "That the application to the department of a minor to operate or drive a motor vehicle, whether as chauffeur or operator, shall not be granted by the department unless the parent, or parents, having custody of such applicant, or the guardian of such applicant, shall have joined in such application by signing the same, and provided that any negligence of a minor . . . shall be imputed to the person, or persons, who have signed the application of such minor for such license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence." The statute then and now being substantially the same, and the points urged in the case of *Buelke* v. *Levinstadt, supra,* being the same as are urged here by appellant Matilda Jakober, the mother, and the court, in the case of *Buelke* v. *Levinstadt, supra,* and *Pontius* v. *McLane,* 113 Cal. App. 452 [298 Pac. 541], having determined those contentions adversely to the appellant there, we think that case is determinative of the liability of Matilda Jakober. And inasmuch as we believe her to be liable in either event, the question as to whether the finding of the trial court to the effect that the minor was not engaged in the business of Carl B. Jakober at the time of the accident becomes unimportant, and unnecessary to determine.

The contention of Carl B. Jakober and Matilda Jakober, the minor, that they were entitled to a jury trial

has been put at rest by the decision in the case of *Dunham v. Reichlin,* 217 Cal. 289 [18 Pac. (2d) 664], wherein the facts are similar to the facts in the case at bar.

We are satisfied from the record before us that the minor was engaged in either her father's business or her own business, or both. She was not engaged in the business of or acting as the agent or servant of a person other than the person who signed her application. Her application was signed by herself and by her father and her mother, and it is immaterial for whom of the three she was acting—all are bound by her negligent acts.

That leaves only the question as to whether or not the damages awarded by the court in the sum of $5,000 are excessive. We find nothing in the amount of damages awarded to suggest passion or prejudice or an abuse of discretion.

The judgment as to each and all of the defendants is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1933.