EDWARD K. BISPHAM, JR., Administrator, *v.* MARY P. MAHONEY and LESLIE P. MAHONEY, JR.

(*January* 13, 1936.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*John Biggs, Jr.*, (of Biggs, Biggs & Lynch) for plaintiff.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for defendants.

Superior Court for New Castle County, No. 65, May Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

The defendant contends that the statute is in derogation of the common law, and must be strictly construed; and that so construed, no liability can attach to a mother signing an application for an operator's license to a minor under 18 years, if the father is living and has custody of the minor.

The statute in question imposes a liability for negligence where no liability existed at common law, and, undoubtedly, is in derogation thereof, but the result contended for by the defendant does not necessarily follow. For, even under the rule of strict construction applicable to such statutes, the construction must not be so strict as to lessen the scope plainly intended to be given the statute, or to defeat the obvious intention of the legislature as found in the language actually used, according to its true and obvious meaning. 59 *C. J.* 1126.

The legislative intention as disclosed by the language of the statute is not to impose liability by reason of parenthood, of itself. Custody of the minor is the foundation of liability. The legislative purpose was to protect the

public, and the statutes were drawn to effect the purpose in the most practical way. Undoubtedly the legislature had in mind the fact that many minors under the age of 18 years have the ability and judgment to operate motor vehicles; that, in many cases, for economic reasons, it is just as necessary for such minors to employ themselves usefully by operating motor vehicles as to drive teams; and that the universal ownership and use of motor vehicles demanded a lawful operation by certain minors under the given age rather than an unlawful operation. So, having in mind the practical aspect of the matter, provision was made for the licensing of minors under 18 years, having demonstrated ability, as all licensees must. But, having in mind also, that caution, discretion and judgment are not youthful traits, the right was safeguarded by requiring the application to be signed by someone, having custody or charge of the minor, who might be supposed to have intimate knowledge of the applicant's characteristics, and who would be willing to assume liability for injuries caused by the minor's negligence. The father, without custody or charge of the minor, is not authorized to sign the application, nor is the mother or guardian in like case; for an employer, having a part time custody and control, is authorized to sign such application. So, the authorization is not based upon technical rights of parents, but upon broad, practical and common sense considerations for the protection of the general public.

Viewing the statute from this aspect, it is sufficiently clear that the rule of strict construction as contended for by the defendant is not applicable. Such construction would narrow the scope of the statute, would defeat the plain legislative intent, and would lead to the unreasonable conclusion that the courts would be powerless to circumvent fraud.

In the instant case the mother is not a mere volun-

teer. She is a parent, and is of the class authorized to sign such applications. She was not compelled to sign the application. She served her own purpose, whether a material one, or simply the material pleasure derived from gratifying her son's desire. She voluntarily placed herself in a position of liability, and it would be a great fraud upon the public and a subversion of the statute to absolve one in such position from liability thus voluntarily assumed. See *Buelke v. Levenstadt,* 190 *Cal.* 684, 214 *P.* 42; *Pontius v. McLain,* 113 *Cal. App.* 452, 298 *P.* 541; *Sgheiza v. Jakober,* 132 *Cal. App.* 57, 22 *P.* (2*d*) 19.

The demurrer to the fourth plea is sustained.