

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

ILL WILSON
ORNEY GENERAL

March 18, 1957

Honorable Wade F. Spilman, Chairman
Judiciary Committee
House of Representatives
Austin, Texas

Opinion No. WW-35

Re: Constitutionality of
H. B. 170, author-
izing recovery of
civil damages from
parents due to wil-
ful damage or des-
truction of property
by minors under 18
years of age, living
with parents.

Dear Mr. Spilman:

You have requested an opinion as to the consti-
tutionality of House Bill 170, which authorizes any
property owner to recover damages in an amount not to
exceed $300.00 from parents of any minor under the age
of 18 years, living with parents, who maliciously or
wilfully damages or destroys property, real, personal,
or mixed, belonging to such owner. The bill limits
recovery to actual damages in an amount not to exceed
$300.00 in addition to taxable court costs, and further
states that the action authorized in this bill is to be
in addition to all other actions which the owner is
entitled to maintain, it being the purpose of the bill
to authorize recovery from parents in situations where
they would not otherwise be liable. The bill specifi-
cally states that nothing in the bill shall preclude
recovery in a greater amount from the minor or any other
person, for damages to which such minors or other person
would otherwise be liable.

At common law it is well established that the
mere relationship of parent and child imposes on the
parent no liability for the torts of the child. 67 C.J.S.
page 795. Chandler v. Deaton, Sup. Ct. Tex., 37 Tex. 406
(1872). 31 Tex. Jur. page 1280.

An act making parents liable for the torts of
their minor children has been in effect in Louisiana,
a civil law state, for a number of years, and other
states governed by the common law have enacted similar
statutes in recent years.  House Bill 170 is patterned
after a similar act recently enacted in Michigan.  Pub-
lic & Local Acts, Michigan (1953), Act 45, page 40.
"The civil law liability upon parents covers all tortious
acts of the child, intentional or negligent, and is pre-
dicated upon the parent-child relationship."  Honeycutt
v. Cower, 25 So. 2d 99, 101 (Louisiana 1946).  30 Notre
Dame Lawyer, page 300.  One common law state has held
that "custody of the minor is the foundation of liability"
under a statute making one who has custody or charge of a
minor liable for injuries caused by the minor's negligence
while driving an automobile.  Bispham v. Mahoney, et al,
Superior Court of Delaware, 183 A. 315, 316 (1936).  There
are few cases, and in some states no cases, construing
these statutes.  Some of the more important acts have been
so recently enacted that there has been scarcely enough
time for a decision.  30 Notre Dame Lawyer, page 299, n. 24.

Parents have custody of minor children who reside
with them, and are charged by law with the obligation to
shield and protect such children, to provide them with
suitable shelter, food and clothing until they become
self-supporting, and in cooperation with the State to
provide proper education.  31 Tex. Jur. pages 1280 and
1284.  They are the natural guardians of the person of
their children, and are responsible to the State for
their well-being.  Even though criminal liability for
failure to support minor children (Article 602, V. P. C.)
is limited to children under 16 years of age, and civil
liability to make periodic payments for the support of
minor children after a divorce granted to parents (Art-
icle 4639a, V. C. S.) is limited to children under 18
years of age, under the common law the father is still
liable to third parties for necessaries furnished his
minor child, either male or female, until the child
reaches the age of 21 years, except where the female
child has legally married.  Morgan et vir v. Drescher,
Ct. Civ. App. Tex. (Galveston) 219 S. W. 2d 488 (1949).
Du Pre v. Du Pre, Ct. Civ. App. Tex. (Dallas) 271 S. W.
2d 829, 831 (1954).  McGowan v. McGowan, Ct. Civ. App.
Tex. (Ft. Worth) 273 S. W. 2d 658, 659 (1954).

These obligations and liabilities of parenthood
are imposed both by statute and by the common law.  Par-
ents have a duty to guide their offspring.  State v.
Deaton, Sup. Ct. Tex., 93 Tex. 243, 54 S. W. 901 (1900).
And in order to exercise his control a parent may moder-
ately chastise a refractory and disobedient child in his
custody.  Certainly, this implies a duty to teach minor

children respect for the law, including respect for the property of others.  The bill merely imposes an additional liability on parents of minor children under 18 years of age, living with parents, who have failed to teach their children a respect for the rights of others.  It changes the common law rule, which the Legislature has a right to do, if not otherwise repugnant to the Constitutions of Texas and of the United States.  Houston Pipeline Company v. Beasley, Ct. Civ. App. Tex. (Galveston), 49 S. W. 2d 950, 952 (1932). House Bill 170, therefore, does not violate Section 19, Article I, of the Constitution of Texas.

Section 3, Article I, of the Constitution of Texas, guarantees to all persons equality of rights, and the 14th Amendment to the Constitution of the United States secures to every person equal protection of the laws.  If unjust or arbitrary discrimination is the result of the application of a law, it will be held to be unconstitutional.

An act is not open to objection if all who are brought under its influence are treated alike in the same circumstances.  But a law will be held invalid if it selects particular individuals from a class and imposes upon them special obligations or burdens from which others in the same class are exempt.  9 Tex. Jur. sec. 117.  The Legislature may classify subjects of legislation, and an act will be held to be constitutional if it applies uniformly to those who are within a particular class.  The burdens imposed must apply impartially to all constituents of the class, and the law must operate equally and uniformly upon all persons in similar circumstances.  9 Tex. Jur. sec. 119.

Who constitutes the class upon whom liability is sought to be imposed by H. B. 170?  Not all parents, but only those parents of "minors under the age of 18 years, living with parents."  The act thus appears to be founded on the parental relationship plus custody of the minor. Or, to put it another way, it places a liability upon parents as such, and then exempts those parents who do not have custody of their minor children.  Exempt are parents whose children live with others, guardians of minor children, and relatives (other than parents) with whom minor children reside, etc.  If a parent had a child that he could not or would not control, he could send the child to live with relatives.  Then the parent would not be liable under this bill, nor would the relatives with whom the child resided.  43 California Law Review 874.

If the liability is to be imposed because of parenthood, then the bill does not apply equally to all parents, since those who do not keep their children at home are exempt.  If the liability is to be imposed because of custody, the bill does not include others who have parental authority, rights, duties, and liabilities.

In Schrimpf v. Settegast, Sup. Ct. Tex., 36 Tex. 296 (1871), where a farmer had taken two orphan boys into his home, reared and educated them to the best of his ability, but had never adopted them, the court, in discussing the relationship between the two boys and the adult person with whom they lived, said,

> ". . . a person who had, through motives of kindness or charity, received an orphan child into his family, whether it be a step-child or an entire stranger, and treated it as a member of his family, as standing in loco parentis, so long as such child should see fit to remain in such family, or so long as it should be permitted thus to remain; and while the relation should exist, the party who stood in loco parentis would be bound for the maintenance, care, and education of such child,. . . ."

Saunders v. Alvido & Laserre et al, Ct. Civ. App. Tex., 113 S. W. 992 (1908), was a case where an adult sister had raised her orphan minor brother, who lived with her.  In discussing the adult sister's rights and duties, the court said,

> "The rights and duties of one standing in loco parentis seem to have been uniformly held by the courts to be the same as those of the parent by reason of such relationship would under similar circumstances accrue to one standing in loco parentis.

> "Under these facts, it is the duty of plaintiff /the adult sister7 to look after the moral training of said minor, and she has the legal right to keep him away from temptation."

It thus follows that the rights, duties, and liabilities of parenthood can fall on persons other than natural parents, where such other person has lawful custody of the minor child.  H. B. 170 should either place the liability on parents as such, without exception; or should include

855.

all those who have custody of minor children.  It is the opinion of this office that H. B. 170, as presently written, is unconstitutional for the reason that the classification of the persons to be held liable for damages fails to operate equally and uniformly upon all persons in similar circumstances.

## SUMMARY

House Bill No. 170, authorizing recovery of civil damages from parents due to wilful damage or destruction of property by minors under 18 years of age, living with parents, is unconstitutional.

Yours very truly,

WILL WILSON
Attorney General

By *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

REF:kh

APPROVED:

OPINION COMMITTEE
H. Grady Chandler
Chairman