William F. McGEEHAN and Rae McGeehan, Defendants Below, Appellants,

v.

Donald V. SCHIAVELLO, Plaintiff Below, Appellee.

Supreme Court of Delaware.

March 25, 1970.

Reargument Denied April 8, 1970.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This is an appeal from the denial in Superior Court of a motion by defendants below to dismiss or, alternatively, a motion for summary judgment in a negligence action for damage to personal property. The action results from the demolition of the car of Donald V. Schiavello, appellee, while it was being driven without permission by Alan McGeehan, one of the defendants below, during a high-speed flight from the police. At the time of the accident, Alan McGeehan was a minor under the age of eighteen who lived with his parents, William F. McGeehan and Rae McGeehan, appellants herein, both of whom have been residing in the State since 1946. The issue is whether or not a son's negligence may be imputed to the parents under 21 Del.C. §§ 2710 and 6105, when the mother of the boy signed the son's application for a driver's license, but the father did not.

21 Del.C. § 2710 permits the Motor Vehicle Department to issue a driver's license to a minor under eighteen years of age if his application therefor is signed by his father, if living within the State, and the minor resides with the father; if the father is not living within the State and the minor lives with the mother in the State, the consent may be signed by the mother; if neither the father nor mother is living within the State, it may be signed by a Delaware guardian; if none of the foregoing persons are eligible, it may be signed by the minor's employer, or other suitable person. 21 Del.C. § 6105 imposes joint and several liability upon the signer for any damage caused by the minor's negligence in operating a motor vehicle.

We reverse the denial by the trial Court of the motion for summary judgment in favor of William F. McGeehan, the father. He did not sign the consent to the son's application for a driver's license and there is no indication in the record that he knew

William E. Taylor, Jr., of Taylor & Lindh, Wilmington, for defendants below, appellants.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiff below, appellee.

of, or consented to, either his son's driving or the mother's signing of the consent, even though they lived in the same household.

■ With respect to the mother's liability, the argument is made that the Department had no authority to issue the license on the basis of her signature because the father was at the time a resident of Delaware with whom the son lived; that the license was accordingly a nullity; and that her alleged consent is likewise a nullity. This argument would perhaps be very persuasive if the case before us involved merely an attack upon the minor's right to drive a car. The appellee's rights in this case bring other principles into play. The mother, by signing the application, wittingly or unwittingly represented to the Department that she was the proper one to sign it, and thus induced the Department to grant the license; by doing so, she assumed the statutory liability; she should not, and will not, be permitted to evade the consequences of her voluntary act. This is the significant ruling of Bispham v. Mahoney, 7 W.W.Harr. 285, 183 A. 315. We disagree with the suggestion that *Bispham* was incorrectly decided. In our opinion, it is sound and we decline to reverse it.

Appellant contends also that the *Bispham* ruling has been altered by a change in the statute made in 1947. 46 Laws of Delaware 356. Prior to that change, a father was permitted to sign the application if he had custody of the minor, even though the father did not live in the State. Under the revised statute, the mother may sign if the father lives out of the State and the minor resides with her in the State. We do not understand how this change affects the reasoning of the *Bispham* case. The obvious intent of the amendment was to make sure that the person signing the consent is a resident of the State.

Our refusal to exonerate the mother from liability in this case is fortified by an additional fact which apparently did not exist in the *Bispham* case. In the application immediately above the mother's signature, there appear these words:

"I, the undersigned, am the (mother) of the above applicant and have read the statements and they are correct. In signing this application, I agree to be jointly and severally liable with the applicant for any damages caused by his or her negligence while driving a motor vehicle."

Counsel have not discussed the significance of this additional fact in their arguments before us. It is possible that it alone would create a liability on the mother's part, even if § 6105 did not exist. Whether or not that be true, the existence of this additional fact nevertheless indicates at least that the mother knew, or is charged with knowledge of, liability she was assuming when she signed the application.

Reversed as to the appellant William F. McGeehan and affirmed as to the appellant Rae McGeehan.