Mauro J. ALFIERI, Jr., and Patricia Alfieri, his wife, Defendants Below, Appellants,

v.

Elizabeth MARTELLI, as Guardian Ad Litem of Erin E. O'Connor, Plaintiff Below, Appellee.

No. 52, 1994.

Supreme Court of Delaware.

Submitted: June 15, 1994.

Decided: Sept. 15, 1994.

Stephen P. Casarino of Casarino, Christman & Shalk, Wilmington, for defendants-appellants.

Bernard A. vanOgtrop and Paula G. Caputo of Cooch & Taylor, Wilmington, for plaintiff-appellee.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HARTNETT, Justice.

I.

This is an appeal from the Order of the Superior Court that denied the Motion for Summary Judgment of Mauro J. Alfieri, Jr., and Patricia Alfieri, ("the Alfieris"), the Appellants (Defendants Below). We find that the Alfieris are entitled to judgment as a matter of law that any negligence of their son arising out of a motor vehicle accident cannot be imputed to them and, therefore, the decision of the Superior Court must be reversed.

## II.

The matter arises from a single automobile accident that occurred while the Alfieris' minor son, Mauro J. Alfieri, III, ("Mauro"), was driving an automobile owned by Lee F. Deputy, Jr., with the permission of his son, Scott R. Deputy. At the time of the accident, Mauro was a minor under the age of eighteen residing with his parents. One passenger was killed and another passenger was seriously injured as a result of the accident.

The legal issue presented is whether any liability of Mauro may be imputed to his parents under 21 *Del.C.* §§ 2712(a) and 6105(a) when neither parent signed their son's application for an operator's license.

In a bench ruling, the Superior Court ruled that the allegedly remedial purpose of the applicable statutes, to prevent irresponsible youngsters from driving, permitted the imputation of liability to the parents even though they had not signed their son's operator's license application. The statutes in question, however, do not permit the imposition of liability on parents who do not sign their son's application for an operator's license and, therefore, as a matter of law, no liability of Mauro can be imputed to his parents. The decision of the Superior Court denying summary judgment to the parents must, therefore, be reversed.

## III.

21 *Del.C.* § 2712(a) provides that a minor under the age of 18 years may be granted an operator's license if the application is signed by certain named persons, including the parents or any other suitable persons acceptable to the Secretary of Public Safety. The statute states:

(a) The Department, at its discretion, may grant an operator's license to a minor under the age of 18 years, if the application therefor is signed by the:

(1) Father or mother of the minor if both parents are living together within this State and the minor resides with both parents;

(2) Father of the minor, if the father is living within this State, and the minor resides with the father only; mother of the minor, if the mother is living within this State, and the minor resides with the mother only; or father or mother, if father or mother lives within this State, and the minor resides with neither parent, and the minor has no legal guardian within this State;

(3) Guardian of the minor, duly appointed as such under the laws of this State;

(4) Employer of the minor, or by any suitable person acceptable to the Secretary of Public Safety.

The Department shall not require as a prerequisite to the issuance of a license to a minor under this section, that the father, mother, guardian or employer be present at the time the application is made by the minor or sign the application at the offices of the Motor Vehicle Department. This signing of the application and acknowledgement thereof by the father, mother, guardian or employer before a notary public or other person authorized to administer oaths shall be deemed sufficient to satisfy the requirements of this section.

21 *Del.C.* § 6105(a) provides that the signer of a minor's application for an operator's license in accordance with 21 *Del.C.* § 2712 is jointly and severally liable for any damage caused by the minor's negligence in operating a motor vehicle.

It is uncontroverted that both parents refused to sign their son's application for an operator's license. Nor is it disputed that the signature of Mr. Alfieri, the father of Mauro, was forged on the application for an operator's license by Mauro and that the signature of Mrs. Alfieri, the mother of Mauro, was forged by Mauro's sister.

## IV.

 On an appeal from a denial of summary judgment, we conduct a *de novo* review. *Bershad v. Curtiss-Wright Corp.*, Del. Supr., 535 A.2d 840, 844 (1987). In reviewing a trial court's construction of a statute, this Court will exercise *de novo* review for legal error. *Baldwin v. Benge*, Del.Supr., 606 A.2d 64, 67 (1992); *State Farm Mut. Auto.*

*Ins. Co. v. Clarendon Nat. Ins. Co.,* Del. Supr., 604 A.2d 384, 387 (1992).

### V.

Where there is a dispute over the meaning or effect of a statutory provision, a Court conducts a search for legislative intent. *State v. Cephas,* Del.Supr., 637 A.2d 20 (1994) quoting *Spielberg v. State,* Del.Supr., 558 A.2d 291, 293 (1989); *Coastal Barge Corporation v. Coastal Zone Industrial Control Board,* Del.Supr., 492 A.2d 1242 (1985); *Giuricich v. Emtrol Corp.,* Del.Supr., 449 A.2d 232 (1982). In seeking to ascertain legislative intent, the Delaware courts utilize the plain meaning rule. *In re Adoption of Swanson,* Del.Supr., 623 A.2d 1095, 1096–97 (1993).

The application of the plain meaning rule, however, often varies from case to case and this Court has considered various factors in construing a disputed statute.[1] *See Grand Ventures, Inc. v. Whaley,* Del.Supr., 632 A.2d 63, 66, 68 (1993); *Hudson Farms, Inc. v. McGrellis,* Del.Supr., 620 A.2d 215, 217 (1993); *Watson v. Burgan,* Del.Supr., 610 A.2d 1364, 1367 (1992); *State v. Cooper,* Del. Supr., 575 A.2d 1074, 1076 (1990); *Spielberg v. State,* Del.Supr., 558 A.2d 291, 294 (1989); *Coastal Barge Corp. v. Coastal Zone Indus.,* Del.Supr., 492 A.2d 1242, 1246 (1985); *Oney v. State,* Del.Supr., 446 A.2d 389, 393 (1982).

### VI.

21 *Del.C.* § 6105(a) imputes the negligence of a minor to any person who signed the license application on behalf of the minor. The statute states:

Any negligence of a minor under age 18 driving a motor vehicle upon a highway of this state, who has been licensed under § 2712 of this title, shall be imputed to any person who signed the license application on behalf of the minor, and that person shall be jointly and severally liable with the minor for any damages resulting from the minor's negligence.

It is conceded that liability cannot be imputed to Mr. and Mrs. Alfieri except under this statute. 21 *Del.C.* § 6105(a) states that liability is imposed upon "any person who signed the license application on behalf of the minor." It does not impose liability on anyone else and "[t]he courts may not engraft upon a statute language which has been clearly excluded therefrom by the Legislature." *Giuricich v. Entrol Corp.,* Del.Supr., 449 A.2d 232, 238. Neither Mauro J. Alfieri, Jr. nor Patricia Alfieri signed their son's application for a license. In the absence of any showing of uncertainty or ambiguity, the text of the statute precludes any liability of their son being imputed to them.

### VII.

Martelli contends, nevertheless, that Mauro's parents should be held liable even though they did not sign the license application of their minor son. Martelli asserts that a broad construction of 21 *Del.C.* § 6105(a) permits the imposition of liability on any parent who knew of or consented to their minor child's driving of a motor vehicle, although they did not sign the minor's application for an operator's license.

It is uncontroverted that the parents of Mauro knew that he had obtained a driver's license, although Mauro falsely told them that he was able to obtain a license without their signature because he had taken a driver's education course. The parents also knew that Mauro was driving vehicles owned by others and he was even permitted to drive a truck in connection with the family business. His parents, however, attempted to exclude him from the insurance coverage on the family automobile and he was never permitted to drive it.

Martelli relies on *Bispham v. Mahoney,* Del.Super., 183 A. 315 (1938) and *McGeehan*

---

1. The use of the plain meaning rule as a theory of construction has been criticized by most commentators. While most state courts claim they utilize the rule, its formulation varies from case to case. *See* Arthur W. Murphy, Old Maxims Never Die: *The "Plain Meaning Rule" and Statutory Interpretation in the "Modern" Federal Courts,* 75 Colum.L.Rev. 1299 (1975). Regardless of the theory of construction used, however, the text of a statute is the primary essential source of a statute's meaning. *See* Uniform Statute and Rule Construction Act §§ 18–20 Comments (1993).

*v. Schiavello*, Del.Supr., 265 A.2d 24 (1970) in claiming that a broad construction of the applicable statutes permits liability to be imputed to the parents of Mauro.

In *Bispham*, the Delaware Superior Court imposed liability on a mother who had signed her minor son's license application even though the statute then in effect did not require the mother's signature. *Bispham*, 183 A. at 316. The court reasoned that by signing the application, the mother had "voluntarily placed herself in a position of liability." *Id.* Thus, *Bispham* is plainly distinguishable from the present case because, unlike in *Bispham*, the parents here did not assume liability by signing the application.

In *McGeehan*, this Court reversed a holding of the Superior Court that had imposed liability on a father who had not signed his minor child's license application and affirmed the imposition of liability upon the mother who, although not required to do so, had signed the application. The Court held that the father was immune from any liability under the statute because he did not sign the application. The Court, however, by way of *dicta*, went on to observe that the father did not know of or consent to either his son's driving or the mother's signing of the application. *McGeehan*, 265 A.2d at 25–26.

Appellee argues that the "know of" or "consent to" language in *McGeehan* requires the statutory imposition of liability on any parent or guardian who knows of or consents to their minor child's driving even if they did not sign the application. We disagree. *McGeehan* merely addressed the allocation of liability between the parent who was not required to sign but had voluntarily signed and the parent who, although authorized to sign, had failed to do so. *McGeehan* does not hold that a parent who does not sign can be held liable.

The language of 21 *Del.C.* § 6105(a) states that liability is imposed on those who sign a minor's license application. Even if for some reason we were to consider looking beyond the clear language of the statute, there is no evidence in the record that the General Assembly, when it enacted 21 *Del.C.* § 6105(a), intended to impose liability on non-signing parents who merely knew or consented to the minor driving. If the General Assembly had wished to impose liability on a non-signing parent, it could have drafted the statute to effectuate such an intent as has been done in other states. *See, Vaught v. Ross*, Supr., 244 Ark. 1218, 428 S.W.2d 631, 632 (1968), construing an Arkansas statute that explicitly imputed liability to parents who did not sign the driver's license application.

■ There is no legal basis to impute any liability of Mauro to his parents and, therefore, the decision of the Superior Court denying summary judgment to the parents Mauro J. Alfieri, Jr., and Patricia Alfieri is, therefore, REVERSED AND REMANDED.