**1001 JEFFERSON PLAZA PARTNERSHIP, L.P., a Delaware limited partnership, Plaintiff Below, Appellant,**

v.

**NEW CASTLE COUNTY DEPARTMENT OF FINANCE and New Castle County Board Of Assessment Review, Defendants Below, Appellees.**

**No. 373, 1996.**

Supreme Court of Delaware.

Submitted: April 7, 1997.
Decided: June 3, 1997.

---

Judith Nichols Renuzlli, of Duane, Morris & Heckscher, Wilmington, for Appellant.

Dennis J. Siebold, Finance Legal Officer, New Castle County Department of Finance, Wilmington, for Appellees.

Jeffrey S. Goddess, of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, Court-Appointed Amicus Curiae.

Before VEASEY, C.J., and WALSH and HOLLAND, JJ.

**PER CURIAM:**

In this appeal we decide only a narrow procedural question relating to the statutory authority of the Superior Court to remand a matter to the New Castle County Board of Assessment Review (the "Board"). We hold that the Superior Court has statutory authority to affirm, reverse or modify decisions of the Board, but the Superior Court lacks statutory authority to remand.

### Facts and Procedural Posture

This is an interlocutory appeal from an annual assessment for property taxes. Plaintiff below-appellant, 1001 Jefferson Plaza Partnership, L.P. ("Jefferson"), owns property at 1001 Jefferson Street, in Wilmington, Delaware, that is identified on tax maps and billing records as Parcel No. 26–028.30–242. The defendants below-appellees are the New Castle County Department of Finance (the "Department") and the Board.

For the 1994 fiscal year, the Department assessed Jefferson's property for tax purposes at $15,549,600. Jefferson, contending that the proper assessment is $10,800,000, appealed to the Board. In support of its position, Jefferson submitted a highly-detailed appraisal report supported by the testimony of two appraisers. The appraisal and testimony documented traditional valuation approaches of income, market, and sales comparison. The Department, on the other hand, offered testimony from two employees, but no written analysis. The Board reduced the assessment to $13,000,000, identifying two reasons: (1) location and (2) "architectural attractiveness (lack of)."

Jefferson appealed the Board's decision to the Superior Court, which found that the Board had not adequately set forth the basis for its decision. The Superior Court reversed and remanded the case to the Board "for consideration of the economic issues presented by [Jefferson's] application."[1] Both sides moved for reargument on the basis that the Superior Court lacked statutory authority to remand. The Superior Court denied the motions.[2] On September 8, 1996, this

---

1. *1001 Jefferson Plaza Partnership, L.P. v. New Castle County Dep't of Fin.*, Del.Super., C.A. No. 94A–11–004, 1995 WL 717610 (Nov. 8, 1995), letter op. at 6.

2. *1001 Jefferson Plaza Partnership, L.P. v. New Castle County Dep't of Fin.*, Del.Super., C.A. No. 94A–11–004 (July 31, 1996, *modified*, Aug. 13, 1996).

Court accepted Jefferson's petition for interlocutory appeal on the issue of whether the Superior Court has the authority to remand the case to the Board under 9 *Del.C.* § 8312(c).

On appeal, both sides took the same position—that the Superior Court lacked authority. In order to have an adversarial presentation of the issue, the Court appointed Jeffrey S. Goddess, Esquire as amicus curiae to brief the contrary view pro bono publico. Mr. Goddess performed that role professionally and in the highest tradition of the Delaware Bar. The Court is very grateful for Mr. Goddess' public service in this regard.

### Standard and Scope of Review

■ The construction and application of a statute presents an issue of law, which this Court reviews de novo.[3] Where there is a dispute over the meaning or effect of a statute, courts seek to ascertain legislative intent.[4]

### Analysis

In New Castle County, the Department prepares initial tax assessments of real property.[5] A taxpayer may dispute an assessment by appealing to the Board.[6] The taxpayer may appeal the decision of the Board to Superior Court.[7] On appeal, the decision of the Board "shall be prima facie correct and the burden of proof shall be on the appellant to show that such body acted contrary to law, fraudulently, arbitrarily or capriciously."[8]

■ The plain language of 9 *Del.C.* § 8312(c) further states that the Superior Court "may affirm, reverse or modify the decision of such body and the decision of the Court shall be final."[9] The Superior Court's alternatives on appeal—to affirm, reverse, or modify the Board's decision—are unambiguous, leaving "no reasonable doubt as to the meaning of the words used."[10] Therefore, this Court's role is limited to applying the literal meaning of the words.[11]

For the most part, the Superior Court has reversed and/or modified Board decisions that are not supported by substantial evidence.[12] Nevertheless, the Superior Court has remanded some prior cases for the purpose of specific fact findings by the Board.[13]

3. *Alfieri v. Martelli*, Del.Supr., 647 A.2d 52, 53–4 (1994).

4. *Id.* at 54.

5. 9 *Del.C.* § 1301.

6. 9 *Del.C.* §§ 1305, 8312.

7. 9 *Del.C.* § 8312(c).

8. *Id.*

9. *Id.*

10. *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, Del.Supr., 492 A.2d 1242, 1246 (1985).

11. *Id.*

12. *See, e.g., EML Assocs. v. New Castle County Dep't. of Fin.*, Del.Super., C.A. No. 95A–06–002, Cooch, J. (Aug. 22 and Aug. 29, 1995) (court agreed to hear evidence in the first instance because court believed that it was without authority to remand); *JMB Income Properties v. New Castle County Bd. of Assessment Review*, Del.Super., C.A. No. 92A–07–004, Alford, J., 1994 WL 45336 (Feb. 3, 1994) (following motion for reargument, court reduced assessment by ap-

proximately $6.5 million instead of remanding to the board); *Tatten Partners, L.P. v. New Castle County Bd. of Assessment Review*, Del.Super., 642 A.2d 1251 (1993) (court reduced assessment by approximately $8.3 million because board's decision was not supported by the evidence).

13. *See, e.g., O'Neill v. Bd. of Assessment Review of New Castle County*, Del.Super., C.A. 85A–MY–16, 1986 WL 14018, Martin, J. (Nov. 21, 1986) (remanding "due to lack of fundamental fairness present in the proceeding before the board"). This Court has considered some such cases without addressing the issue of the propriety of remand. *See e.g., New Castle County Dep't. of Fin. v. 1001 Jefferson Plaza Partnership, et al.*, Del. Supr., No. 371, 1994, 1994 WL 632635, Holland, J. (Nov. 7, 1994) (ORDER) (affirming remand by Superior Court to board to make a definitive ruling on the merits of appellee's tax appeals for fiscal year 1993-94); *New Castle County Bd. of Assessment Review and New Castle County v. D'Alonzo*, Del.Supr., No. 388, 1986, 1987 WL 37300, Moore, J. (May 5, 1987) (ORDER) (affirming Superior Court's decision to reverse and remand); *Board of Assessment Review of New Castle County v. Silverbrook Cemetery Co.*, Del. Supr., 378 A.2d 619 (1977) (holding, in part, that Superior Court when remanding the case should not have enlarged the scope of litigation). Since

The Superior Court remanded this case to the Board on the basis of the recent Superior Court decision in *Property Asset Management, Inc. v. New Castle County Dep't of Fin. and New Castle County Bd. of Assessment Review.*[14] In that case, the Superior Court maintained that remand promotes the orderly administration of justice, and explained:

> In order to decide whether the Appellant presented enough evidence to overcome the presumption of the assessment's correctness, the Court would have to review hundreds of pages of detailed, technical evidence. Moreover, the Court would have to presume that its technical expertise in sophisticated real estate appraisal methods surpasses, or at least equals, that of the administrative agency created for the purpose of reviewing such evidence. In this regard, it is one thing for the Court to review the record of a proceeding before the Board in order to determine whether the Board's findings are clearly wrong and its conclusions not the product of the orderly and logical deductive process. It is quite another matter for the Court to undertake in the first instance an independent review of voluminous, highly technical, highly specialized evidence.[15]

We do not find this argument compelling. In light of the fact that property is taxed annually, a final decision by the Superior Court is expedient for both taxpayers and government. Moreover, the structure of tax appeals imposed by this statute streamlines the appellate process, and thus promotes judicial economy. Courts regularly undertake and succeed at such endeavors. Therefore, to the extent the analysis in *Property Asset Management, Inc. v. New Castle County Dep't of Fin. and New Castle County Bd. of Assessment Review* is inconsistent with the holding announced herein, we decline to approve that case.

 The General Assembly has provided for remand in other statutes.[16] It could have provided for remand in 9 *Del.C.* § 8312(c) if that had been its intent. Under the doctrine of *expressio unius est exclusio alterius,* the General Assembly's drafting of 9 *Del.C.* § 8312 to exclude remand must be upheld.

### Conclusion

Accordingly, we reverse the decision of the Superior Court and remand the case to the Superior Court for proceedings consistent with this Opinion.

---

the issue which we address today was not raised in those appeals, those cases do not constitute precedent on the issue of whether the Superior Court has statutory authority to remand cases to the Board of Assessment Review. *See* Supr.Ct.R. 8.

**14.** *Property Asset Management, Inc. v. New Castle County Dep't of Fin. and New Castle County Bd.*

*of Assessment Review,* Del.Super., C.A. No. 95A–06–008, 1995 WL 716913 (Nov. 17, 1995).

**15.** *Property Asset Management,* letter op. at 3–4.

**16.** *See e.g.,* 14 *Del.C.* § 1414 (Superior Court may reverse, affirm, or modify a decision of the Board of Education to terminate a teacher, or remand to the board for a rehearing).