RENNER and others, Appellants, vs. THE SUPREME LODGE OF THE BOHEMIAN SLAVONIAN BENEVOLENT SOCIETY OF THE UNITED STATES (C. S. P. S.), Respondent.

*January 11 — February 5, 1895.*

*Benefit societies: Construction of charter: Stepdaughter of member is his "orphan:" Ineligible beneficiary.*

1. The charter, constitution, rules, and regulations of a benefit society will be construed liberally to promote the purposes of the order, and to give effect to the intentions of the members.

2. Within the meaning of the charter of a benefit society whose purpose is "to assist and give pecuniary aid to the widows and orphans of deceased members," the stepdaughter of a deceased member is his "orphan," and was properly designated as a beneficiary under his certificate.

3. Where one of two beneficiaries under a benefit certificate is ineligible, the other is entitled to the whole fund.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action by *Thekla Renner*, widow, and *Frank Renner* and *John W. Renner*, by his guardian, children of John Renner, deceased, against the *Supreme Lodge of the Bohemian Slavonian Benevolent Society of the United States (C. S. P. S.)*, to recover $1,000 death benefit claimed to be due and payable by the defendant association according to its charter and constitution to the plaintiffs, the widow and children of John Renner, deceased. The defendant is a mutual benefit society and was incorporated under the laws

of the state of Illinois for the purpose, among other things, as stated in its charter or certificate of incorporation, "to assist and give pecuniary aid to the widows and orphans of deceased members."

The following provisions of the constitution and by-laws of defendant were in force at the time said John Renner became a member of defendant: "(1) Every member, upon compliance with all the rules and conditions of the order, as embodied in the constitution and by-laws, shall be entitled, in case of his death, to the receipt by his heirs of $1,000. (2) Each member has the right to dispose of his death benefit in and by his last will and testament, according to his own wish. If he should die without leaving any will, his legal heirs shall receive said benefit." The above were the only provisions of the constitution and by-laws bearing upon the question of death benefits up to the 29th day of June, 1891, at which time said John Renner was a member of the defendant in good standing. On said last-mentioned date the constitution and by-laws of the said order were duly and regularly altered and amended in the form and manner provided by the charter, constitution, and by-laws of the defendant; so that the provisions of the constitution and by-laws, as amended, relating to the question of death benefits, were made to read as follows: "(1) Every member, upon compliance with all the rules and conditions of the order, as embodied in its constitution and by-laws, shall be entitled, in case of his death, to the receipt by his heirs of $1,000. (2) Every one who desires to become entitled to these benefits must make a written application to his lodge, and must state to whom the death benefits shall be paid in case of his death. The lodge shall send such application to the secretary of the supreme lodge, who, if he approve the same, shall issue a certificate showing that the said member is entitled to the death benefits. This certificate shall be attested by the secretary and president of the supreme lodge. No mem-

ber shall be considered entitled to this benefit until his certificate shall have been approved by the supreme lodge and properly attested. (3) Every member for whom such certificate has been made out shall attest by his signature that it is his desire that the death benefit shall be paid to the person therein named; and his signature shall be attested by the president and secretary of the lodge to which he belongs." The above amended provisions of the constitution and by-laws of the defendant, relating to death benefits, went into effect on the 29th day of June, 1891, and continued unchanged up to the date of the death of said John Renner.

Said John Renner, at the time of his death, was a member of defendant association in good standing, and then held a certificate of such membership. The certificate designated "my daughter and son-in-law Josef and Josefa Votapek" as the beneficiaries of the fund of the order to the amount of $1,000. The designation was made pursuant to a written direction of said Renner, which he never changed or recalled. After his death, and previous to the payment by defendant of the benefit fund to the beneficiaries designated in the certificate, the plaintiff *Thekla Renner* gave notice to the defendant that she claimed the benefit fund of said John Renner, as his widow, and on behalf of herself and children. The plaintiffs are, respectively, the widow and children of the deceased, and the designated beneficiary in the certificate, Josefa Votapek, is a daughter of the plaintiff and a stepdaughter of the deceased, and the other beneficiary named in the certificate is the husband of said Josefa Votapek. The plaintiffs, as the widow and children, claim that they are entitled to the benefit fund of $1,000. The defendant claims that it was bound to pay in accordance with the certificate, and that in accordance with the provisions of the certificate, and in pursuance of its charter and constitution, it paid the persons designated in the certificate, and thereby

Renner and others vs. The Bohemian Slavonian Benevolent Society.

has fully discharged its duties and obligations on account of its relations with John Renner.

The cause was submitted to the court upon the pleadings, and upon a stipulation of facts, the substance whereof is above stated. The court adjudged that the plaintiffs were not entitled to the relief asked for, and dismissed their complaint. Judgment in favor of the defendant was entered accordingly, and from the judgment so entered the plaintiffs appeal.

For the appellants the cause was submitted on the brief of *Frank J. Lenicheck.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

NEWMAN, J. No doubt, the court should construe the charter, constitution, rules, and regulations of the defendant liberally, in order to promote the benevolent purposes of the order. *Ballou v. Gile,* 50 Wis. 614. This benevolent purpose is promoted by giving effect to the intention of the member who pays the sums necessary to procure the benefit, whenever that can properly be done. It is said that a leading purpose of the defendant's existence, as expressed in its charter, is " to assist and give pecuniary aid to the widows and orphans of deceased members." There is no question that the persons named in the beneficiary certificate are the identical persons whom the member who paid the money wished to have the benefit. If, then, upon fair principles of interpretation, it appears that those beneficiaries are fairly included in the class of persons designated as " orphans of the deceased," then all question of the correctness of the judgment of the trial court disappears. Now, it seems clear that if Josefa Votapek was, in a legal sense, the child of John Renner in his lifetime, then she was his " orphan " after his decease. It is quite clear that, in a legal sense, she was his child during his lifetime.

She was his wife's daughter, his stepdaughter. "By marriage one party thereto holds, by affinity, the same relation to the kindred of the other that the latter holds by consanguinity." *Spear v. Robinson*, 29 Me. 531; *Higbe v. Leonard*, 1 Denio, 186; *Simcoke v. Grand Lodge*, 84 Iowa, 383. In the beneficiary certificate she was designated as "my daughter Josefa." This was strictly correct; for such was the legal relationship, by reason of the affinity between them. There is nothing in the defendant's charter or constitution or rules which indicates that the word "orphans" is used in any restrictive sense, or that it was intended to exclude from its proposed benefits any person who answered in legal sense to the designation of "children" or "orphans of the deceased member." It is not expressly limited to those related by consanguinity, and cannot be so restricted by construction, in the absence from the context of words indicating such a design. So, Josefa Votapek was eligible to be a beneficiary of John Renner.

Perhaps Josef Votapek, her husband, was not so eligible. He was not at all related to Renner. *Higbe v. Leonard*, 1 Denio, 186. The consequence would be that the eligible beneficiary who was designated in the certificate would be entitled to the entire fund. This does not advance the claims of the plaintiffs to the fund.

*By the Court.*— The judgment of the circuit court is affirmed.