Jones, Respondent, vs. Mangan and others, imp., Appellants.

*October 31—November 19, 1912.*

*Firemen relief association: Who may be beneficiary: When "mother" includes stepmother.*

1. A relief association has power to designate the class from which beneficiaries may be selected in harmony with the statutes under which it is organized.
2. The constitution of a firemen relief association, organized under secs. 1987, 1988, Stats. (Supp. 1906), for the declared purpose of giving relief to the families of deceased members, provided for payment to the beneficiary named in the membership certificate, "provided that such beneficiary be either widow, child or children, mother or father, sister or brother, niece or nephew, of such deceased member;" and that in case no beneficiary should have been named the relief money should be paid "to his heirs in the following order:" widow, child, mother, father, sisters, brothers, nieces, nephews. *Held,* that the stepmother of a member was his "mother" within the meaning of the clause first quoted, and might properly be named as the beneficiary where he resided in and was a member of her family.

3. The word "mother" need not be construed as having the same meaning in both clauses of the constitution above quoted.

[4. Whether a mother by affinity, if not named as beneficiary, could take under the designation of "heirs" in the second clause, or whether the word "heirs" was there used to indicate those only who could take under the statutes of distribution, is not determined.]

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is a controversy to determine the ownership of the proceeds of a benefit certificate in the Firemen Relief Association of the City of Milwaukee, defendant. The money was paid into court, and the question is whether it belongs to the plaintiff or the interpleaded defendants. The insured, Richard J. Burke, deceased, was never married. In his application for membership in the defendant association he designated plaintiff as "mother." The principal points raised by the assignments of error are.(1) that the court erred in finding that deceased at the time of his death was a member of plaintiff's family; (2) that the court erred in holding that the plaintiff was such person as could be lawfully named as beneficiary; (3) in holding that the plaintiff was entitled to judgment against the interpleaded defendants for said death benefit, and that the same be paid over by the clerk of the court, and that she recover costs from the interpleaded defendants; and (4) in holding that the interpleaded defendants are not entitled to said fund.

The defendant association was organized pursuant to ch. 176, Laws of 1885, and secs. 1987 and 1988, Stats., the material parts of which are as follows:

Ch. 176, Laws of 1885, sec. 1. "The members of the paid fire department of the city of Milwaukee shall, on or before the first day of June, A. D. 1885, form an association, and shall organize, under the provisions of sections 1987 and 1988 of the Revised Statutes, and shall adopt by-laws and regulations for the government thereof, and when so organized

and the officers thereof shall have been duly elected and shall have qualified according to the by-laws of such corporation or association, the city treasurer of the city of Milwaukee shall, upon receiving written notice of such organization, and of the election and qualification of the officers of such association, pay over to the treasurer thereof, the whole amount of the fund in his hands as city treasurer, known as the 'Firemen's Relief Fund,' created and held by virtue of chapter 37 of the Laws of 1878; and thereafter such fund shall be the property of such corporation or association, and shall be held, enjoyed and disposed of by it, subject to its by-laws and regulations."

Sec. 1987. "The members of the paid fire or police department in any city heretofore or hereafter organized, who comply with the constitution and by-laws of such organization, are constituted a body corporate in such city under the name of 'The Firemen Relief Association of the City of ——,' . . . as the case may be, for the purpose of giving relief to the sick and disabled members of such association and their families and to the persons dependent upon the deceased members thereof, but no others. . . .

"*Powers.* Every such association shall have all the usual powers of a corporation necessary and proper for the purposes of its organization, and may take by gift, grant, or purchase real and personal estate, and hold, enjoy, lease, convey and dispose of the same, subject to its by-laws and regulations; and all such property and the rents, issues and profits thereof shall be devoted solely to the purposes and objects of such corporation." (Supp. 1906: Laws of 1899, ch. 145.)

The provisions of the constitution of the association relating to the purpose of the same and to beneficiaries are as follows:

"Article III. Section 1. The object of this association shall be to provide and accumulate a fund from initiation fees and dues, and other sources of income, for the purpose of giving relief to the families of deceased members, and in furtherance of this object, each member shall pay fifteen dollars ($15) annually, in advance, toward the creation and support of such fund."

"Article IX. Section 1. On evidence satisfactory to the board of trustees, of the death of a member who was in good standing at the time of his death, the sum of fifteen hundred dollars ($1,500) shall be paid to the beneficiary or beneficiaries named in his application and membership certificate; provided that such beneficiary be either widow, child or children, mother or father, sister or brother, niece or nephew, of such deceased member. Any member shall have the right to change the name of the beneficiary or beneficiaries named in the certificate by giving written direction to the president and secretary of the board of trustees to have such change made, but his signature to such written direction shall be witnessed by at least two subscribing witnesses, who must subscribe their names as such. The secretary shall notify the board of trustees at the next meeting of such change being made, and provided, that such change shall be limited to the class of beneficiaries above mentioned. No change shall be made in the name of the beneficiary except as herein mentioned, and such written direction shall be recorded on the books of the association before the same shall be effective, and a new certificate of membership shall be issued and delivered in lieu of the original, and the original destroyed. No payments shall be made by the association to any persons other than the one named in the certificate of membership at the time of the death of the member, and if none of the beneficiaries hereinbefore named exist at the time of the decease of a member in good standing, no payment whatever shall be made, nor shall there be any liability whatsoever on the part of said association to any person or persons whomsoever. In case no beneficiary shall have been named by a deceased member in the manner herein provided, and he shall at the time of his death be a member in good standing and his family or heirs entitled to relief, such relief money shall be paid to his heirs in the following order:

"First. If there be a widow, to the widow.

"Second. If no widow, to his child; or if there be more than one child, to his children in equal shares.

"Third. If there be no widow or children, to his mother.

"Fourth. If there be no widow, child or children, or mother, to his father.

"Fifth. If there be no widow, child or children, mother or

father, to his sister; and if there be more than one sister, to all of them in equal shares.

"Sixth. If there be no widow, child or children, mother or father, or sister, to his brother, or brothers in equal shares.

"Seventh. If there be no widow, child or children, mother or father, sister or brother, to his niece, or nieces in equal shares.

"Eighth. If there be no widow, child or children, mother or father, sister or brother, or niece, to his nephew, or nephews in equal shares."

"Article XIX. Section 1. This association is organized under and pursuant to the provisions of sections 1987 and 1988 of the Revised Statutes of Wisconsin and the acts amendatory thereof, and chapter 176 of the Laws of Wisconsin for the year 1885."

The court found, among other things, the organization of the defendant; that Richard J. Burke had on January 10, 1910, nominated as beneficiary, to whom the fund in question should be paid upon his death, the plaintiff; that on March 24, 1911, said Burke lost his life in a fire while a member of defendant association in good standing; that said Richard J. Burke was never married, left no widow, child, or children, and that his father had died before the death of said Richard J. Burke; that the above interpleaded defendants all survive him and are related to him as follows: *Mary Mangan, Alice Burke, Agnes Burke,* and *Anna Eberle* are his sisters of the full blood, and the interpleaded defendant *Clara Burke* is his sister of the half blood, and that the mother by blood of the said Richard J. Burke died before the death of the said Richard J. Burke; that after the death of the mother of said Richard J. Burke his father married the plaintiff, said Richard being then only about five years of age and living with his father; that the plaintiff entered upon her duties as wife of his father and as the housewife in charge of the home of the said father of Richard J. Burke; that after the death of the father of said Richard J. Burke plaintiff married one John O. Jones, of whom she is now the lawful wife and with whom she has con-

tinued to reside as his wife to the present time, and by whom she has since been and now is being supported; that at the time of his death said Richard J. Burke resided in and was a member of the household and family of said plaintiff.

. The court concluded that the plaintiff was a person who could be lawfully named as beneficiary and that she is lawfully entitled to the fund and to judgment against the defendants for said fund, and that she have her costs.

Judgment was entered accordingly, from which this appeal was taken.

For the appellants there was a brief by *Roethke & Affeldt,* attorneys for interpleaded defendants, and *Ernst von Briesen,* guardian *ad litem* for *Clara Burke,* and oral argument by *Geo. A. Affeldt.*

. For the respondent there was a brief by *W. B. Rubin,* attorney, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

KERWIN, J.   Under the articles of incorporation of the defendant, upon the death of a member in good standing the sum of $1,500 shall be paid to the beneficiary or beneficiaries named in his application and membership certificate, provided such beneficiary be either widow, child or children, mother or father, sister or brother, niece or nephew, of such deceased member.

The statute set out in the statement of facts, sec. 1987 as amended (Supp. 1906: Laws of 1899, ch. 145), provides that "The members of the paid fire or police department in any city heretofore or hereafter organized, who comply with the constitution and by-laws of such organization, are constituted a body corporate in such city under the name of 'The Firemen Relief Association' . . . for the purpose of giving relief to the sick and disabled members of such association and their families and to the persons dependent upon the deceased members thereof, but no others . . ."

Art. XIX of the constitution of defendant provides that the association is organized under the statutes, secs. 1987 and 1988, and acts amendatory thereof, and ch. 176 of the Laws of Wisconsin for the year 1885. There can be no doubt but that the association had the power to designate the class from which a beneficiary could be selected in harmony with the statutes referred to. 29 Cyc. 109; *Tepper v. Supreme Council Royal Arcanum,* 59 N. J. Eq. 321, 45 Atl. 111.

Sec. 1, art. III, of the constitution heretofore set out provides for the relief of families of deceased members, and sec. 1 of art. IX designates the class, and in this class "mother" is designated as a beneficiary. Richard J. Burke, a member of defendant association, named the plaintiff, his stepmother, as beneficiary in his application, and the question arises whether she comes within the class designated as beneficiaries. The question has given us some trouble, and we do not regard it easy of solution. On the part of the appellants it is argued with much force that the word "mother" in the articles of association means mother by blood, therefore stepmother is excluded, and that this is the only construction that will harmonize all parts of the articles of association where the word "mother" is used, and that it is the natural and logical construction and the one which should be adopted, therefore the appointment of plaintiff as beneficiary was void because she could not take as beneficiary, consequently the interpleaded defendants, heirs of deceased, take the fund under the provisions of the articles to the effect that the heirs take in the absence of an appointment by the member.

On the part of the respondent it is insisted that the plaintiff takes as a member of the family of deceased, therefore she was properly named as beneficiary. As appears from the statement of facts, the court found that at the time of his death Richard J. Burke resided in and was a member of the household and family of the plaintiff, and that plaintiff was properly named as beneficiary of deceased and so remained as such.

Manifestly, upon the established facts, plaintiff, stepmother of deceased Richard J. Burke, was a member of his family. 3 Words & Phrases, 2673–2688 and notes; *Carmichael v. Northwestern M. B. Asso.* 51 Mich. 494, 16 N. W. 871; *Hosmer v. .Welch,* 107 Mich. 470, 67 N. W. 504. But it is argued by counsel for appellants that the word "family" should have a narrow construction in view of other provisions of the articles of association, and should be limited to those only who take under the statute of distribution. This contention is grounded upon the fact that art. IX specifically provides who the beneficiaries shall be, "mother" being one, and that in case no beneficiary shall have been named in the manner provided and deceased at the time of his death be a member in good standing and his family or heirs entitled to relief, such relief money shall be paid to his heirs in the following order:

"First. If there be a widow, to the widow.

"Second. If no widow, to his child; or if there be more than one child, to his children in equal shares.

"Third. If there be no widow or children, to his mother. . . ."

Now under .this second classification it is argued that the mother must be an heir, and that the word "mother," according to proper rules of construction, should have the same meaning in each classification of art. IX of the constitution, therefore "mother" mentioned in the first class under art. IX must be a mother by blood and capable of inheriting, since the second class, where no beneficiary is named, gives the property to heirs only in the same order and in the identical language as to beneficiaries as the first class. The conclusion of appellants' counsel is that, since a stepmother cannot take under the statutes of distribution, she is not a mother within the meaning of the articles of association. The court, however, has arrived at the conclusion that the construction contended for by counsel for appellants is too narrow in view of the purpose of the statute and the articles of incorporation, namely, the relief of families of deceased members. We

think that a mother who can be named includes a mother by affinity who is a member of the family.    Without going into any extended discussion of the reason of the rule, it is obvious that in many cases the stepmother may have strong claims upon the child whom she cares for during minority, and no reason appears to us why such child should not have the right, under the articles of association in this case, to make the stepmother the object of his bounty.    The following authorities bear upon the question: *Renner v. Supreme Lodge B. S. Ben. Soc.* 89 Wis. 401, 62 N. W. 80; *Simcoke v. Grand Lodge A. O. U. W.* 84 Iowa, 383, 51 N. W. 8.    Nor do we think that the word "mother" must necessarily have the same meaning in the first and second classes named in art. IX.    In the first class there is no restriction, either express or implied, but on the contrary, in view of the construction which should be given the articles of association to carry out the manifest corporate purpose of the defendant association, a mother by affinity, who is a member of the family, may be named.    In the second class the right to take the benefit seems by words to be limited to heirs.    But it is only in case of failure to name a beneficiary that this classification providing that the fund shall go to the heirs is operative.    There is no restriction where the member names a beneficiary, only that he keep within the class specified.    True, as argued by counsel, the word "mother" is used in each classification, but we cannot think that the proper rule of construction requires that the word "mother" in the first class must necessarily mean mother by blood, capable of taking under the statutes of distribution of this state.    Appellants place reliance upon *Koerts v. Grand Lodge Hermann's Sons,* 119 Wis. 520, 97 N. W. 163, which holds that the same meaning must be given the same word in different sections.    There the question was as to the meaning of the word "survivors" when used to designate the "survivors" of a member in a benefit society, and of course the meaning of the word was necessarily the same when used in the

same connection in various sections. But there is no rule of construction requiring the same meaning to be given to the same word used in different connections.

,Whether a mother by affinity and a member of the family, though not named, could take under the designation of "heirs" as used in the second class, we need not and do not decide. Nor do we decide whether the word "heirs" in that connection was used to indicate that those only who took under the statutes of distribution could take the fund in case of failure by the member to name a beneficiary.

*By the Court.*—The judgment of the court below is affirmed.