516 P.2d 656 (1973)
Katherine F. BILSTEN and Arthur H. Bilsten, Plaintiffs-Appellees,
v.
Timothy Otis PORTER et al., Defendants-Appellants.
No. 72-408.
Colorado Court of Appeals, Div. II.
December 11, 1973.
*657 Pferdesteller, Vondy, Horton & Worth, P. C., Anthony L. Worth, Denver, for plaintiffs-appellees.
Dosh, DeMoulin, Anderson & Campbell, Laird Campbell, Denver, for defendant-appellant Hubert Albrandt.
Wood, Ris & Hames, Donald L. Cook, Denver, for defendants-appellants, Timothy Otis Porter, Jackie E. Porter, and Twyla J. Porter.
Selected for Official Publication.
SMITH, Judge.
This is an action for damages for personal injuries resulting from a collision between vehicles driven by plaintiff Katherine Bilsten and defendant Timothy Porter. Liability of Jackie and Twyla Porter was predicated on a theory of imputed negligence under C.R.S.1963, 13-4-7(2). Timothy Porter and defendant Hubert Albrandt allegedly engaged in a joint enterprise at the time of the accident, thereby rendering Albrandt liable for plaintiff's injuries. Defendants appeal from a judgment entered pursuant to a jury verdict finding all defendants liable. We affirm.
The record discloses that on the day of the accident Timothy, Hubert, and one other teenaged boy wanted to eat breakfast at a cafe during a free period of their school schedules. None of the boys had brought a car to school; in fact, only Timothy knew how to drive and he had only an instructional permit. Hubert, who had ridden to school with an older sister, volunteered the use of that car, which was owned by his father. Hubert secured a key from under the hood of the car, where it had been hidden by his father, and gave it to Timothy, who then drove to the cafe. There was evidence that Mr. Albrandt had specifically forbidden Hubert to use the car for other than emergency purposes or to permit others to drive the car. The accident occurred as the boys returned from the cafe.

I
The parents of Timothy Porter were found liable for their son's negligent acts on the basis of C.R.S.1963, 13-4-7, which provides:
"Any negligence or willful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct except as otherwise provided in subsection (3) of this section."
The parent defendants urge that negligence should be imputed to the parent-signator to the application only when the minor is driving in compliance with the restrictions placed on the instruction permit. In this case, Timothy was not accompanied by a licensed operator or chauffeur 21 years of age or older, as required by the instruction permit. We find no merit in this argument.
Although we recognize that C.R.S.1963, 13-4-7, is in derogation of the common law, and is therefore to be strictly construed, see Stowell v. People, 104 Colo. 255, 90 P.2d 520, this rule cannot be applied to defeat the obvious legislative intent embodied in the statute. While granting minors under the age of 18 the opportunity to gain experience in driving an automobile and granting them the privilege of using the public highways, the legislature sought to safeguard against the indiscretions of the inexperienced, youthful driver by requiring a financially responsible adult to assume the liability for accidents negligently or willfully caused by the youth. This was done, first, with the hope, that, having assumed the liability, the parent *658 or guardian would exercise some degree of control over the minor's driving habits, see Bispham v. Mahoney, 7 W.W. Harr. 285, 37 Del. 285, 183 A. 315; and, second, to insure that the innocent victim of such negligence would be compensated for his injuries. That this latter purpose was intended is evidenced by C.R.S.1963, 13-4-7(3), which provides that a parent or guardian will not be subject to imputed liability where there is deposited, on behalf of the minor, proof of the child's own financial responsibility with respect to operating a motor vehicle. Adoption of defendants' proposed construction would significantly frustrate this legislative intent.
In addition, the statutory language itself contains no express limitations on the parent's liability. This is true whether or not the minor has disobeyed the terms of his temporary instruction license. See Pontius v. McLain, 113 Cal.App. 452, 298 P. 541. We therefore find no error in the trial court's ruling on this issue.

II
Defendants Jackie and Twyla Porter also assert that it was error to give an instruction on aggravation of a pre-existing disability. The instruction as given is essentially identical to the first paragraph of Colorado Jury Instructions 6:8. There is sufficient evidence in the record to justify the giving of the instruction.

III
Defendant Hubert Albrandt's liability was predicated on the theory that he and Timothy Porter were engaged in a joint enterprise at the time of the accident. The elements necessary to establish the existence of a joint enterprise have been enumerated as follows:
"In order for a joint venture or joint enterprise in the operation of an automobile to exist, two or more persons must unite in pursuit of a common purpose, and each person must have a right to control the operation of the automobile in question." Bainbrich v. Wells, 28 Colo.App. 432, 476 P.2d 53.
Defendant Hubert maintains that he had no right of control over the automobile because possession of the vehicle was obtained without permission of his father. This argument is devoid of merit. The right to control necessary for the existence of a joint venture is a right existing between the parties to the joint venture by virtue of their express or implied agreement. Rights to control existing between a member of the joint venture and a third party are not relevant to a determination of the existence of the joint venture or as to rights of control as between participants in the joint venture. See Sanderson v. Hartford Eastern Ry. Co., 159 Wash. 472, 294 P. 241; W. Prosser, Torts § 72 (4th ed.). In the present case, there was sufficient evidence for the jury reasonably to conclude that defendant Hubert possessed some measure of control over the operation of the vehicle.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.