Elma L. YNOCENCIO and Ignacio Ynocencio,
Plaintiffs-Respondents,

v.

Lon E. FESKO, Charles J. Fesko and Sharon Fesko,
Defendants-Appellants.

Supreme Court

*No. 82–698. Argued September 7, 1983.—Decided October 4, 1983.*

(Also reported in 338 N.W.2d 461.)

For the defendants-appellants there were briefs by *Charles S. Blumenfield* and *Shneidman, Myers, Dowling & Blumenfield,* Milwaukee, and oral argument by *Charles S. Blumenfield.*

For the plaintiffs-respondents there was a brief by *John M. Bruce* and *Schoone, McManus, Hankel & Ware, S.C.,* Milwaukee, and oral argument by *Kenneth Ness.*

SHIRLEY S. ABRAHAMSON, J.   This appeal from the judgment of the circuit court of Racine county, John C. Ahlgrimm, Circuit Judge, is before us on certification of the court of appeals.   Secs. 808.05(2) and 809.61, Stats. 1981–82.

The court of appeals certified the following issue: Is a stepmother who has acted as the minor's mother for more than ten years and has signed the minor's application for a driver's license as his "mother," a "parent"

within the meaning of sec. 343.15(1) and (2), Stats. 1977, so that both the stepmother and the minor's father are liable for damages caused by the minor's negligence while operating a motor vehicle?

The circuit court had concluded that the stepmother in this case signing as sponsor on a minor's application for a driver's license was a "parent" under sec. 343.15(1), Stats. 1977, and entered judgment decreeing the minor, the minor's stepmother, and the minor's father jointly and severally liable under sec. 343.15(2), for damages caused by the minor's negligent operation of a motor vehicle. We affirm the judgment of the circuit court as modified herein as to amount of damages.

Sec. 343.15(1), Stats. 1977, provides that a sponsor must sign a minor's application for a driver's license and identifies those persons who may be sponsors. Among the persons it permits as sponsors is a minor's parent. Sec. 343.15(2), imposes liability on the sponsor for damages caused by the minor's negligent or wilful misconduct when operating a vehicle. Furthermore, if the sponsor is a parent, liability is imposed on both parents where both have custody of the minor. Secs. 343.15(1) and (2), provide as follows:

"(1) [T]he application of any person under 18 years of age for a [driver's] license shall be signed and verified before a person duly authorized to administer oaths by either of the applicant's parents; or if neither parent has custody, then by the person or guardian having such custody or by the applicant's employer. . . .

"(2) Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the parents where both have custody and either parent signed as sponsor, otherwise, it is imputed to the adult sponsor who signed the application for such person's license. The parents or the adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

The facts are undisputed. On June 29, 1979, an automobile driven by Lon Fesko, a minor, collided with an automobile driven by Elma Ynocencio. Mrs. Ynocencio and her husband, plaintiffs, filed a personal injury action naming Lon Fesko, his father, Charles Fesko, and his stepmother, Sharon Fesko, as defendants.

Before trial the parties stipulated to a number of matters which relate to the issues on appeal. The parties agreed that the negligence causing the accident should be apportioned 90 percent to the minor driver and 10 percent to the plaintiff driver. They also agreed as to the dollar amount of special damages, while the jury determined plaintiffs' damages for personal injury and loss of society and companionship. The total damages, which are now undisputed, are $6,200.11 and judgment was entered for that amount. The parties agree on appeal that the circuit court erred in not reducing the total damages in accordance with the stipulation that apportioned 10 percent negligence to the plaintiff driver. We modify the judgment accordingly. Sec. 895.045, Stats. 1981–82.

The parties also stipulated to a number of facts which relate to the issue of the liability of the minor's father and stepmother under sec. 343.15. The following stipulated facts are the basis for the parties' dispute on appeal:

(1) Lon Fesko was a minor, sixteen years of age at the time of the accident;

(2) Sharon Fesko, Charles Fesko's wife, signed as sponsor on Lon Fesko's application for a driver's license and "indicated in executing the application she was the mother of Lon Fesko"; this license was in effect at the time of the accident;

(3) Both Sharon Fesko and Charles Fesko had "custody of the minor Lon Fesko at the time of the accident and indeed Lon had been living with them for a period

of ten years;" Sharon Fesko "considered herself to be, and was called by the family in general, Lon's mother," and for ten years before the accident she "took on the normal duties of a mother;"

(4) Sharon Fesko is not the natural mother of Lon Fesko, and although she signed Lon Fesko's application for a driver's license "indicating she was the mother of Lon Fesko, there was no intent to attempt anything of a fraudulent nature;"

(5) Sharon Fesko signed Lon Fesko's application for a driver's license "for the purpose of satisfying the requirement that an adult sponsor the license in accordance with statutory law."

The whereabouts of Lon Fesko's natural mother during the ten-year period are not in the record.

Plaintiffs argue that Sharon Fesko is, under the facts stipulated in this case, a parent sponsor within the meaning of sec. 343.15(1) and is liable under sec. 343.15(2) ; that Charles Fesko is liable because sec. 343.15(2) imputes the minor's negligence to both parents when both parents have custody and either parent signs the application for a driver's license as sponsor; and that Sharon Fesko should be precluded from denying liability under sec. 343.15(2) since she voluntarily signed Lon Fesko's application as a sponsor.

Sharon Fesko contends that liability cannot be imputed to her under sec. 343.15(2), because she is not qualified under sec. 343.15(1) to sign as a sponsor. She is not qualified to sign as a sponsor under sec. 343.15(1), she says, because she is not Lon's biological or adoptive mother. She argues that since she cannot lawfully be a sponsor under sec. 343.15(1), liability can not be imputed to her under sec. 343.15(2). Charles Fesko contends that he is not liable under sec. 343.15(2), because he did not sign the minor's application for a driver's license and liability can not be imputed to him from the fact that his

wife, Sharon Fesko, signed as a sponsor since she is not qualified to be a sponsor. Charles and Sharon Fesko thus contend that the entire judgment should be against Lon Fesko, the minor.

This court must determine the meaning of the word "parent" as used in sec. 343.15(1) in order to determine whether the statute applies to the fact situation before the court. The interpretation of a statute and the determination of its applicability to a stipulated fact situation are questions of law which this court ordinarily can decide without giving deference to the decision of the trial court. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983).

The legislature has not, for purposes of the motor vehicle code, defined the word "parent." We know that a word is a symbol and may have several referents. "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner,* 245 US 418, 425 (1917). The word "parent" can be used to denote consanguinity rather than affinity. Thus the word "parent" can be used to refer to the biological mother or biological father only. Parent can also refer to an adoptive mother and father. Sec. 48.02(13), Stats. 1981–82. The word "parent" is also frequently used in everyday conversation more broadly to include a stepmother or stepfather, who is in *de facto* charge of the child concerned and has established what one might call a parental relation with the child.

In this case it is evident that Sharon Fesko comes within the word "parent" as that word is popularly used to include a stepmother. At the time of the accident Lon Fesko had lived with his stepmother and his father for more than ten years. The parties agreed that the step-

mother had "custody" of the minor, along with the father. The record does not explain whether the word "custody" as used by the parties means "legal custody," that is, whether the stepmother had custody of Lon Fesko pursuant to a court order, or means "physical custody," that is, whether the stepmother was in fact responsible for the protection, care, and maintenance of the minor. The parties also stipulated that the stepmother accepted the duties and responsibilities of a parent and that both the stepmother and the minor recognized the existence of the parent-child relationship. Thus it is clear from the stipulation that Sharon Fesko and Lon Fesko established what would be referred to in ordinary conversation as a mother-son relationship. Only under the most narrow definition or construction of the word "parent" would Sharon Fesko's relationship to this minor not be characterized as that of parent and child.

The issue before us is one of statutory interpretation. More specifically, we must determine whether the legislature intended to use the word "parent" in sec. 343.15 in the popular sense or in a more limited sense to refer only to biological or adoptive parents.

This court has recognized that the legislature, in referring to family relationships, has included persons who are not related by blood. *Jones v. Mangan,* 151 Wis. 215, 138 N.W. 618 (1912), concerned a statute relating to firemen's relief associations. The statute limited an insured's power to name beneficiaries to members of the insured's family. The rules of the firemen's relief association further limited the lawful beneficiaries to the widow, child, mother or father, sister or brother, or niece or nephew of the insured. In *Jones,* the insured had named his stepmother as beneficiary, characterizing her as his mother. The insured was very young when his biological mother died, and from the age of five he lived with his father and his stepmother. The stepmother was the "housewife

in charge of the home." *Id.* at 219. After the insured's father died, the stepmother remarried and the insured continued to reside with the stepmother and was a member of her household. The association argued that "family" as used in the statute and "mother" as used in the association rules meant biological mother, but the court concluded that this construction was too narrow in view of the purpose of the statutes establishing firemen's relief associations and of the association's rules, namely, the relief of the family of the deceased member. On the basis of the facts and the purpose of the statute and rule the court concluded that the stepmother qualified as a "mother."

In this case, as in *Jones,* where the legislature's intention as to the meaning of a word is uncertain, the answer to the question of legislative intent may be found in considering the problems that the legislature addressed in the statute and the ends the legislature sought to achieve. This court's "cardinal rule in interpreting statutes is that the purpose of the whole act is to be sought and is favored over a construction that will defeat the manifest object of the act." *Student Assoc. of UW-M v. Baum,* 74 Wis. 2d 283, 294–95, 246 N.W.2d 622 (1976). *See* Hurst, *The Legislative Branch and the Supreme Court,* 5 Ark. L. Rev. 487, 499 (1983).

Sec. 343.15 addresses the problems of regulating the minor's ability to obtain a driver's license and of imposing liability for a minor's negligent or wilful misconduct in the operation of a motor vehicle on persons other than the minor in order to protect the public. The legislature limited the minor's ability to obtain a driver's license by requiring a sponsor to sign the application. The legislature selected as sponsors persons who are likely to have personal knowledge of the minor's characteristics and to

have an opportunity to exercise some degree of control over the minor's driving. Sec. 343.15(1), Stats. 1977. The legislature apparently intended the sponsor's control over the minor to afford protection to other users of the road by decreasing the likelihood of the minor's negligent or wilful misconduct in the operation of the motor vehicle. See *Bispham v. Mahoney,* 37 Del 285, 183 A 315 (1936); *Bilsten v. Porter,* 33 Colo. App. 208, 516 P.2d 656 (1973). Furthermore, in enacting sec. 343.15(2), which imposes liability on the sponsor for the minor's negligence or wilful misconduct, the legislature was trying to provide the injured person with a potential source of payment for damages in addition to the minor or other persons liable under common law. *Swanigan v. State Farm Ins. Co.,* 99 Wis. 2d 179, 299 N.W.2d 234 (1980). In summary, the legislative purpose in this statute was to afford users of the road protection from minor drivers by requiring a sponsor for a minor to get a driver's license, by limiting sponsors to those persons who would be likely to be able to exercise control over the minor's driving, and by imposing financial responsibility on the sponsor for the minor's negligence or wilful misconduct in the operation of a motor vehicle.

Considering the popular usage of the word "parent," our holding in *Jones,* and the legislative objectives underlying sec. 343.15, we can draw no other conclusion on the basis of the stipulated facts than that Sharon Fesko who signed the minor's application for a driver's license as a sponsor is a parent under sec. 343.15(1) and is liable under sec. 343.15(2). If the word "parent" in sec. 343.15 were interpreted so narrowly that Sharon Fesko was excluded, the objectives sought to be accomplished by the statute would be defeated, and we would reach an absurd result.

We are not asked in this case to interpret "parent" as used in sec. 343.15 to include all stepparents or to include all persons who have "an affinity" with the minor or are in de facto charge of the minor, and we do not do so. Our decision is based on the facts stipulated in this case. The application form for the driver's license is not part of the record, and we cannot decide, and we do not decide, whether language in that form provides grounds for creating liability on every person who signs as sponsor. We hold only that under the facts stipulated, Sharon Fesko who signed as a sponsor is a parent for purposes of liability under sec. 343.15(1) and is liable under sec. 343.15(2). Inasmuch as both Charles and Sharon Fesko have custody over the minor and Sharon Fesko is a parent who signed as sponsor, Charles Fesko is also liable under sec. 343.15(2).

For the reasons set forth, we modify the judgment by reducing the damages awarded in accordance with the parties' stipulation apportioning negligence and as modified affirm the judgment of the circuit court decreeing Sharon Fesko, Charles Fesko, and Lon Fesko jointly and severally liable.

*By the Court.*—Judgment modified, and as modified affirmed.

STEINMETZ, J. *(dissenting)*. I dissent from the result and the reasoning in this case.

There is no suggestion in this record that the word "custody" in the stipulation means legal custody. The plaintiffs' attorney at argument agreed that it was his understanding that "custody" meant physical custody only and not legal custody. Even if Sharon Fesko had legal custody by the terms of sec. 343.15(1), Stats. 1977, the father, Charles, would still be the only person available to sign for the license. The statute states that only

"if neither parent has custody" may another person having custody sign.

Sec. 343.15(1) and (2), Stats. 1977 is in derogation of the common law. But for the section of that statute, parents would not be liable for their minors' negligent driving unless facts showed agency circumstances.

Through defining "parent" in sec. 343.15(1), Stats. 1977 as the majority has, other statutes are also affected and the original intent of the legislature will have been expanded judicially. Under the reasoning of the majority, the relationship of Sharon to Lon Fesko makes her a "parent" of Lon for purposes of the driver's license statute. It is equally reasonable that this relationship makes her a "parent" for purposes of sec. 48.275(1) and (2), Stats., "Parents' contribution to cost of court and legal services."

The legislature in sec. 343.15(1), Stats. 1977 allowed more than parents to sign for a minor's driver's license. Included in the category of persons allowed to sign are:

(1) Either parent;
(2) or if neither parent has custody, then by
(3) the person or guardian having such custody; or
(4) by the applicant's foster parent; or
(5) by the applicant's employer.

Since Sharon Fesko does not qualify in any of the categories, the majority writes into the statute a new category—a stepmother with a particular relationship to the minor. The rule can vary on a case basis. If the legislature had so intended, it could have allowed a person having physical custody, but not legal custody, of a minor to sign. The legislature over the years of the statute's existence has carefully added categories to the statute of persons who could sign, the latest being in 1980 when a minor's foster parent was added. The court invades the

province of the legislature by adding Lon Fesko's stepmother, Sharon.

Making the giant step in reasoning as it did left only a short step to hold Lon's father, Charles J. Fesko, liable under subsec. (2) of sec. 343.15, Stats. 1977. It is interesting to note that there is no reason in this record why the father did not sign for Lon's license in the first place.

People should not be able to determine whether they qualify under a statute to act, but rather should fit within categories established by the legislature. A stepmother, such as Sharon, does not qualify as a parent, legal guardian, or foster parent and, therefore, her signing for Lon's license had no legal effect.

I would reverse the judgment of the circuit court and let the legislature determine whether more identities should be added to the statute as potential driver's license sponsors.