Duane LAHEY, Plaintiff–Appellant,

v.

Georgia A. BENJOU, Paul Benjou and Betty Benjou, Defendants,

and

United Services Automobile Association, Intervenor–Appellee.

No. 86CA1818.

Colorado Court of Appeals, Div. II.

July 14, 1988.

Renner & Rodman, Bradley Ross–Shannon, Denver, for plaintiff-appellant.

No appearance for defendants and intervenor-appellee.

SMITH, Judge.

Plaintiff, Duane Lahey, appeals from a declaratory judgment entered in favor of intervenor, United Services Automobile Association (USAA). We affirm.

Plaintiff was injured in an automobile accident. The driver of the other car was defendant Georgia Benjou, a minor. Georgia's parents, codefendants Paul and Betty Benjou, were insured under a homeowner's liability insurance policy issued by USAA. Paul and Betty Benjou also carried an automobile liability policy with USAA. Georgia Benjou was a defined insured under both policies. Plaintiff was paid the policy limits under defendants' automobile insurance policy. The judgment at issue here concerned the obligation of USAA to make payments to plaintiff pursuant to the liability portion of Benjou's homeowner's policy.

## I.

Plaintiff first contends that the trial court erred in determining that an exclusion in the USAA homeowner's policy does not contravene the legislative intent of § 42–2–107, C.R.S. (1984 Repl.Vol. 17). We disagree with plaintiff's contention.

Section 42–2–107 provides in pertinent part that the negligence of a minor while driving a motor vehicle shall be imputed to the adult who signed an affidavit of liability accompanying the minor's application for a driver's license. Here, Betty Benjou signed the affidavit of liability accompanying Georgia's application for a driver's license.

The Homeowner's policy in question, however, expressly provides as follows:

"SECTION II—EXCLUSIONS

1. Coverage E—Personal Liability ... does not apply to bodily injury or property damage....

e. arising out of ...

(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or

(3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above."

The policy also included the standard exclusion for bodily injury or property damage arising out of "the ownership, maintenance, use, loading or unloading of motor vehicles ... owned or operated by or rented or loaned to an insured."

Statutes are to be interpreted to achieve a reasonable result and to avoid an unjust one. *Strong Brothers Enterprises, Inc. v. Estate of Strong,* 666 P.2d 1109 (Colo.App. 1983); § 2–4–201(1)(c), C.R.S. (1980 Rep. Vol. 1B). A forced, subtle, strained or unusual interpretation should never be resorted to if the language of the statute is plain, its meaning is clear, and no absurdity is involved. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

The underlying public policy of § 42–2–107, is "to safeguard against the indiscretions of the inexperienced, youthful driver by requiring a financially responsible adult to assume the liability for accidents negligently or willfully caused by the youth." *Bilsten v. Porter,* 33 Colo.App. 208, 516 P.2d 656 (1973). The statute does not deal with the subject of insurance, but

with the imputation of liability to an adult individual. *Cf. Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984) (Automobile Reparations Act); *Marquez v. Prudential Property & Casualty Insurance Co.,* 620 P.2d 29 (Colo. 1980) (No Fault Act).

We do not discern any legislative intent that a homeowner's insurance policy is required to cover the liability imposed by § 42–2–107. A homeowner's insurance policy is a personal comprehensive liability policy designed to protect against risks which are home-oriented. It is comparatively low in cost and intended to insure against non-business and non-automobile risks. *Insurance Co. of North America v. Waterhouse,* 424 A.2d 675 (Del.Super. 1980). Thus, we conclude that the trial court did not err in its determination that the exclusionary clause in question does not contravene the legislative intent underlying § 42–2–107.

## II.

Plaintiff also contends that the trial court erred in apparently holding that the homeowner's policy exclusion for negligent entrustment of a motor vehicle encompassed Paul Benjou's allegedly negligent failure to supervise his daughter while driving that automobile. We disagree with plaintiff's contention.

Plaintiff alleged in his amended complaint that Paul and Betty Benjou had the ability to control their daughter and knew, or should have known, of the necessity and opportunity to exercise such control while she was driving their automobile.

There is an overlap between negligent entrustment and negligent supervision in the context of a parent-child relationship. *See Douglass v. Hartford Insurance Co.,* 602 F.2d 934 (10th Cir.1979); Restatement (Second) of Torts §§ 308 and 316 (1965). The gist of both torts is knowledge of potential for harm to others and ability to control. *See Hasegawa v. Day,* 684 P.2d 936 (Colo.App.1983) (negligent entrustment); *Mitchell v. Allstate Insurance Co.,* 36 Colo.App. 71, 534 P.2d 1235 (1975) (negligent supervision). Under the circum-stances of this case we see no practical difference between the two theories of recovery. *See Great Central Insurance Co. v. Roemmich,* 291 N.W.2d 772 (S.D.1980). Thus we conclude that the trial court correctly concluded that the homeowner's policy exclusion for negligent entrustment of an automobile encompasses Paul Benjou's allegedly negligent failure to supervise his daughter while driving that automobile.

The judgment is affirmed.

VAN CISE and NEY, JJ., concur.