William L. JOHNSON, Plaintiff-Respondent,

BENEPLAN STRATEGIES, Plaintiff,

v.

Jeremy SCHLITT, Partners Mutual Insurance Company, Jim Schlitt, J.P. Lochen Co., Inc., and Universal Underwriters Ins. Co., Defendants,

Carol SCHLITT, Defendant-Appellant.†

Carolyn JOHNSON, Plaintiff-Respondent,

BENEPLAN STRATEGIES, Plaintiff,

v.

Jeremy SCHLITT, Partners Mutual Insurance Company, Jim Schlitt, J.P. Lochen Co., Inc., and Universal Underwriters Ins. Co., Defendants,

Carol SCHLITT, Defendant-Appellant.†

Court of Appeals

No. 96–1304. *Submitted on briefs April 10, 1997.—Decided May 28, 1997.*

(Also reported in 565 N.W.2d 305.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Patrick W. Brennan* and *Jeffrey T. Nichols* of *Crivello, Carlson, Mentkowski & Steeves, S.C.* of Milwaukee.

For the plaintiff-respondent Carolyn Johnson the cause was submitted on the brief of *Jeffrey P. Wylie* and *Jeffrey T. Clutts* of *Daniel P. Kondos, S.C. Law Offices* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J. Carol Schlitt appeals from a trial court order denying a motion for summary judgment. Carol contends that she should be relieved from her sponsorship liability under § 343.15, STATS., because at the time of the accident involving her son, Jeremy Schlitt, his operating privileges had been revoked by the state. We conclude that the statute provides a means for a responsible individual to cancel his or her sponsorship, and because Carol did not do so she remains liable for Jeremy. We therefore affirm the trial court's denial of summary judgment.

The facts underpinning this appeal are straightforward and uncontested. Jeremy obtained a driver's license when he was sixteen years old. A minor obtaining a driver's license is required to have adult sponsorship, which then translates into the acceptance of liability by the sponsoring adult. It is undisputed that at the time Jeremy's driver's license was issued Carol sponsored his application.

On October 30, 1991, prior to the accident which underpins this case, Jeremy's driving privileges were revoked by the state. However, Carol did not take any steps to relieve herself of her sponsorship obligations for Jeremy. When he had the accident that led to this litigation, Jeremy was driving a borrowed vehicle without a valid driver's license. After being sued as a liable party, Carol brought a motion for partial summary judgment, claiming that because Jeremy did

not have a valid driver's license at the time of the accident, she was not liable for any damages. The trial court denied the motion and Carol now appeals.

We review decisions on summary judgment de novo, applying the same methodology as the trial court. *See Armstrong v. Milwaukee Mut. Ins. Co.,* 191 Wis. 2d 562, 568, 530 N.W.2d 12, 15 (Ct. App. 1995), *aff'd,* 202 Wis. 2d 258, 549 N.W.2d 723 (1996). That methodology, set forth in § 802.08(2), STATS., has been recited often and we need not repeat it here. *See Armstrong,* 191 Wis. 2d at 568, 530 N.W.2d at 15. Furthermore, the application of undisputed facts to a statute presents a question of law which this court reviews de novo. *See Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The cardinal rule in interpreting statutes is that " 'the purpose of the whole act is to be sought and is favored over a construction that will defeat the manifest object of the act.' " *Ynocencio v. Fesko,* 114 Wis. 2d 391, 398, 338 N.W.2d 461, 464 (1983) (quoted source omitted).

Section 343.15(1), STATS., requires that the driver's license application of any person under the age of eighteen "shall be signed and verified by either of the applicant's parents . . . or other adult sponsor . . . ."[1] The statute then provides, inter alia, for joint and several liability for the operator and the adult sponsor. *See* § 343.15(2)(b). The purpose of this statute is to insure financial responsibility by individuals who may exercise some control over a minor's actions. *See Ynocencio,* 114 Wis. 2d at 398–99, 388 N.W.2d at

---

[1] Liability is imputed to both parents when both have custody and either parent signed as sponsor. *See* § 343.15(2)(b), STATS.

464–65. The legislature intended for sponsors to be "persons who are likely to have personal knowledge of the minor's characteristics and . . . have an opportunity to exercise some degree of control over the minor's driving." *See id.* The legislature intended the sponsor's control to afford protection to other users of the road by decreasing the likelihood of a minor's negligent or willful misconduct. *See id.* at 399, 388 N.W.2d at 465.

Section 343.15(2)(b), STATS., lays out the adult sponsor's liability when it provides:

> Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed . . . to the adult sponsor who signed the application for such person's license. . . . [T]he adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct.

The plain language of this paragraph provides for joint and several liability for "[a]ny negligence or wilful misconduct . . . when operating a motor vehicle upon the highways . . . ." *See id.* There is no requirement in this paragraph that the minor have a valid operator's license at the time of the negligence or *willful misconduct.* The legislature could have limited the sponsor's liability by inserting a requirement that the minor hold a valid operator's license in order for liability to be imputed to the sponsor. It did not do so.

Furthermore, the statute also mandates the notification of the sponsoring adult if the state issues a notice of revocation. *See* § 343.15(5), STATS. Although that subsection requires that the state notify the adult sponsor if it suspends or revokes the minor's operating privileges, there is no language that suggests the

notification of the adult sponsor affects the liability the sponsor accepted when the minor applied for a driver's license. [2]

Instead, § 343.15, STATS., makes provisions for a signing adult to cancel his or her sponsorship in subsection (3). That subsection provides:

> Any adult who signed the application of a [minor] for a license may thereafter file with the department a verified written request that the license of such minor be canceled. . . . When the license has been so canceled, the adult who signed the application and the parents or guardian of such minor is relieved from the liability which otherwise would be imposed under sub. (2) by reason of having signed such application . . . insofar as any negligence or wilful misconduct on the part of the minor while operating a motor vehicle subsequent to the cancellation concerned.

This subsection indicates the necessary steps for a sponsor to withdraw his or her permission for the

---

[2] The full text of that paragraph provides:

When a citation for a moving traffic violation . . . is issued to or a notice of revocation under s. 351.027 [habitual traffic offender] is sent to a person who is under 18 years of age and required to have a sponsor under this section, the issuing or filing agency shall, within 7 days, notify the person's sponsor or parents of the violation or notice. When the secretary suspends or revokes the operating privilege of a person who is under 18 years of age and who possesses a license and who is required to have a sponsor under this section or when the secretary receives notice that a court has suspended or revoked the operating privilege of such a person, the secretary shall, within 14 days after the suspension or revocation or receipt of the notice of suspension or revocation by the court, respectively, notify the person's sponsor or parents of the suspension or revocation.

Section 343.15(5), STATS.

minor to drive. By initiating the appropriate steps, the adult sponsor is relieved of any liability for the actions of a minor who may operate a vehicle subsequent to the cancellation. However, in order to be relieved of liability, this subsection requires that *the sponsor take action to cancel the driving privileges of the minor. See* § 343.15(3).

Additionally, we conclude that this construction of the statutory language is also supported by the legislative purpose of this statute. The requirement that a minor have an adult sponsor is intended to decrease the likelihood of a minor's negligent or willful misconduct while operating a motor vehicle. *See Ynocencio,* 114 Wis. 2d at 399, 388 N.W.2d at 465. As long as liability for the minor's driving is attached, the sponsoring adult has a vested interest in monitoring the minor. The value of the adult sponsor's supervision of a minor becomes even more important if the minor's operating privileges are temporarily suspended or revoked by the state. Unless the adult sponsor takes the required steps to cancel sponsorship, the onus remains on the sponsor to regulate the minor's access to a vehicle during the period of suspension or revocation, or accept the consequences of the minor's "wilful misconduct."[3] *See* § 343.15(2), STATS.

It is uncontroverted that Carol did not withdraw her sponsorship of Jeremy. We conclude that under the requirements of § 343.15, STATS., Carol's liability for Jeremy's driving, even without a valid driver's license, continued.

---

[3] In *Swanigan v. State Farm Ins. Co.,* 99 Wis. 2d 179, 193, 299 N.W.2d 234, 241 (1980), the supreme court concluded that a "sponsor's statutory liability does not depend on the consent or knowledge of the sponsor with respect to the possession or operation of the car by the minor."

In response, Carol admits that she understood at the time she sponsored Jeremy's license that she would be jointly liable for injuries and damages caused by her son, "*as long as* Jeremy had a valid driver's license." She argues, however, that once Jeremy's license was revoked by the state, her joint liability with Jeremy was eliminated. She maintains that because § 343.38, STATS., requires that Jeremy file an application for a new license in order to regain his driving privileges, that application process then mandates that an adult "re-sponsor" the minor. Therefore, she reasons that the state's cancellation of Jeremy's driving privileges automatically canceled her liability as his sponsor, and that because he did not have a valid operator's license at the time of the accident, she is not liable.

We disagree. First, we note that § 343.15(5), STATS., requires that the state notify the adult sponsor if it "suspends or revokes" the minor's operating privileges. While a revoked driver's license requires that the individual reapply for a driver's license, *see* § 343.38(1)(a), STATS., a suspended license is *automatically reinstated* when the period of the suspension expires, *see* § 343.38(3). Therefore, Carol's argument that her signature as sponsor would automatically be required in order to reinstate Jeremy's license after the revocation and her reasoning that during the period of revocation she was not liable for Jeremy's driving do not address the other situation where a minor's license is suspended. When a suspended license is reinstated automatically, no additional sponsoring signature is required. We discern no language in § 343.15 which suggests that the liability of an adult sponsor for a minor during a period of license suspension is different from the sponsor's liability during a revocation.

839

■ Second, we consider the nature of the two statutes. Section 343.38, STATS., pertains to general relicensing procedures following revocation or suspension. It is applicable to any licensed driver. In contrast, § 343.15, STATS., is entitled "Application of persons under 18; *liability of sponsors; release from liability*; notification of juvenile violation." (Emphasis added.) Our supreme court has held that " 'when we compare a general statute and a specific statute, the specific statute takes precedence.' " *City of Milwaukee v. Kilgore,* 193 Wis. 2d 168, 185, 532 N.W.2d 690, 696 (1995) (quoted source omitted). We conclude that the specific language in the liability statute delineates the steps involved in withdrawing one's sponsorship for a minor driver. Unless those steps are taken, the statutory language and legislative purpose dictate that a sponsoring adult's liability continues even though the sponsored minor does not have a valid driver's license. Carol did not take the required steps to relieve herself of that liability. The trial court's denial of her summary judgment motion was appropriate.

*By the Court.*—Order affirmed.