AMERICAN FEDERATION OF STATE, COUNTY, & MUNICIPAL EMPLOYEES LOCAL 1901, Plaintiffs-Appellants-Petitioners,

v.

BROWN COUNTY, Defendant-Respondent.†

Supreme Court

*No. 86–1940. Argued November 1, 1988.—Decided December 14, 1988.*

(Also reported in 432 N.W.2d 571.)

† Motion for reconsideration denied.

For the plaintiffs-appellants-petitioners there was a brief by *Bruce F. Ehlke* and *Lawton & Cates, S.C.,* Madison, and oral argument by *Mr. Ehlke.*

For the defendant-respondent there was a brief (in court of appeals) and oral argument by *Kenneth J. Bukowski,* corporation counsel, Green Bay.

STEINMETZ, J.   The issue in this case is whether an employer who demonstrates "good cause" under sec. 111.70(7m)(e), Stats., is liable for the penalties prescribed by sec. 109.11(2), when the retroactive wages due pursuant to an arbitration award were not paid within 31 days of the issuance of the award. The issue centers on whether ch. 109 governs exclusively or is considered in conjunction with sec. 111.70(7m)(e).

The American Federation of State, County, and Municipal Employees Local 1901 (AFSCME) asserts

that Brown county, as the employer, is liable for the penalties described in sec. 109.11(2), Stats., because the employees did not receive the retroactive wages within 31 days, notwithstanding Brown county's demonstration of good cause for the delay in payment. *See* sec. 109.03(1).[1] AFSCME argues that sec. 111.70(7m)(e) does not apply to the facts of this case and further that even if the sec. 111.70(7m)(e) good cause defense is available in this type of case, this defense was not properly pled as required by sec. 802.02(3), and, therefore, not before the trial court.

The trial court, Judge N. Patrick Crooks, denied Brown county's motion to dismiss, holding that AFSCME had standing to sue under sec. 109.03(6), Stats. The trial court also determined that AFSCME's failure to pursue the statutory procedures for the enforcement of an arbitration award under sec. 111.70(7m)(e) did not preclude AFSCME from bringing the action. In addition, the trial court determined that an action for civil penalties under sec. 109.11(2) could be brought even though no criminal penalty enforcement action was commenced under sec. 109.11(1).

At a trial to the court, the parties submitted testimony and evidence concerning the circumstances relating to Brown county's reasons for its delay in paying the retroactive wages. The court concluded that the county had shown good cause for not paying

---

[1]Section 109.03(1), Stats., states that an "employer shall as often as monthly pay to every employe ... all wages earned by such employe to a day not more than 31 days prior to the date of such payment." For purposes of this case, the parties conceded that sec. 109.03(1), standing alone, required the retroactive wage payments "within 31 days" of the issuance of the award. It was not argued whether the three-day delay in receiving the award would impact the penalties under sec. 109.11(2).

the retroactive wage payments in a timely manner, and, therefore, it was not liable to pay the penalties prescribed in sec. 109.11(2), Stats.

At the court of appeals, *Employees Local 1901 v. Brown County,* 140 Wis. 2d 850, 412 N.W.2d 167 (Ct. App. 1987), the parties argued the standing issue; however, the court of appeals disposed of the case on other grounds and therefore did not reach the standing issue. The court of appeals determined that sec. 111.70, Stats., was the more specific statute, and, therefore, should be applied to the exclusion of sec. 109.03. Furthermore, the court of appeals concluded that the county had shown "good cause" for its delayed wages payment, and, therefore, there could be no civil liability. We agree.

We decline to decide the issue of standing raised in Brown county's court of appeals brief since the issue for which we accepted the petition for review is the relationship between secs. 109.11(2) and 111.70(7m)(e), Stats. The principal issue is whether the sec. 111.70(7m)(e) good cause defense was available to Brown county and, if so, was it appropriately before the trial court.

AFSCME is the collective bargaining representative for employees of the Brown County Mental Health Center. The negotiations relating to the 1982 collective bargaining agreement between Brown county and AFSCME were commenced in July of 1981. Unable to reach an agreement, the parties invoked the municipal labor relations resolution procedures. The Wisconsin Employment Relations Commission appointed an arbitrator and on February 11, 1983, the award was issued in favor of Brown county.

The employees worked the entire 1982 contract year and part of the 1983 year under the terms of the

1981 contract. During the period in which the 1982 agreement was in the mediation-arbitration process, the employees were paid their earnings every two weeks in an amount established by the 1981 contract.

The uncontroverted evidence indicated that the arbitration award was issued on February 11, 1983, and was received by Brown county on February 14, 1983. The award established wages at a new rate for the 1982 year, and, therefore, Brown county owed the employees retroactive wages.

On March 7, 1983, AFSCME's official newsletter to the employees stated:

### "CONTRACT STATUS

"*1982 Contract:* As you all know by this time, we have received our decision from the arbitrator. A copy of this decision is posted on the union bulletin board for any interested parties to read. A copy of the '82 contract was sent to us for our negotiators signatures. After a careful reading, this will be signed and then sent to the Personnel Committee. This Committee meets the 2nd and 4th Tuesday of every month. From there, the contract goes to the County board, whose next scheduled meeting is March 16th. Hopefully, it won't be too long after this date that we should be seeing our raise and eventually, the backpay. Baby, has it ever been a long way. Hurray."

The arbitration award was not approved by the county board until March 16, 1983. The county board claimed it was unable to place the award on the agenda for the February 16th meeting, citing a requirement of one week advance notice for the agenda. After the board's approval on March 16, the

retroactive wages were paid to the employees on April 5 and April 8, 1983.

AFSCME argues that sec. 109.11(2), Stats., imposes a strict obligation on the county to pay retroactive wages due under an arbitration award within 31 days of the award. Sections 109.03(1) and 109.11(1) and (2) provide in part:

> **"109.03 When wages payable; pay orders.**
> **(1)** Required frequency of payments. Every employer shall as often as monthly pay to every employe engaged in the employer's business ... all wages earned by such employe to a day not more than 31 days prior to the date of such payment."
>
> **"109.11 Penalties. (1)** Any employer who, having the ability to pay, fails to pay the wages due and payable as provided in this chapter or falsely denies the amount or validity thereof or that such wages are due, with intent to secure any discount upon such indebtedness or with intent to annoy, harass, oppress, hinder or defraud the person to whom such wages are due, may be fined ... or imprisoned ....
>
> **"(2)** In addition to the criminal penalties provided in sub. (1), every employer violating this chapter shall be liable for the payment of the following increased wages ...."

In contrast, the county argues that sec. 111.70(7m)(e), Stats., also is implicated in this case because it concerns the enforcement of arbitration awards. Section 111.70(7m)(e) provides in part:

> "Any party ... failing to implement the [arbitration] award or decision, *unless good cause is shown,* shall be liable for attorney fees, interest on delayed monetary benefits, and other costs in-

curred in any action by the nonoffending party to enforce the award or decision." (Emphasis added.)

There is disagreement between the parties as to which statute applies under the facts of this case. Applying a statute to a particular set of facts is a question of law. *Ynocencio v. Fesko,* 114 Wis. 2d 391, 396, 338 N.W.2d 461 (1983). We decide such questions without deference to the trial court. *Id.*

Chapter 109 covers the failure of employers to pay wages due. Section 109.01(3), Stats., defines wages as:

> "[R]emuneration payable to an employe for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay, supplemental unemployment compensation benefits when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employe or provided by the employer to the employes as an established policy."

Although not mentioned in the examples listed in the statute, back wages arguably fit within the general phrase, "any other similar advantages agreed upon between the employer and employe."

Section 111.70(7m)(e), Stats., also applies to these facts because it directly governs the situation in which a party fails to implement an arbitration award or decision. In this case, the arbitration award included retroactive wage payments upon which the ch. 109 penalties allegedly are based. If good cause were not shown, Brown county would have been liable for attorney fees, interest on delayed monetary benefits and other costs incurred by AFSCME in an action to enforce the award.

The purpose of the ch. 109 penalties is to recover the costs incurred by the employee(s) in recovering the wage payments from the employer. Section 111.70(7m)(e), Stats., excuses the employer from such liability when good cause is demonstrated. Section 111.70(7m)(e) implies that the legislature intended to excuse an employer from civil liability extending from the failure to implement an award if good cause can be shown.

Chapter 109, if applied, would impose civil penalties regardless of the reason for any delay greater than 31 days in paying the retroactive wages, even though these wages became payable pursuant to an arbitration award. Section 111.70(7m)(e), Stats., provides a defense if the party can show good cause for the delay in implementing the arbitration award.

Since both provisions appear to apply to retroactive wages not timely awarded pursuant to an arbitrator's award, and because the results of applying each provision are in conflict, the court must determine which more specifically applies to these facts. *See Glinski v. Sheldon,* 88 Wis. 2d 509, 519, 276 N.W.2d 815 (1979). In *Mack v. Joint School District No. 3,* 92 Wis. 2d 476, 490, 285 N.W.2d 604 (1979), we stated that where two conflicting statutes apply to the same subject, the more specific controls. We conclude that sec. 111.70(7m)(e), Stats., more specifically applies, and, therefore, governs the facts of this case.

AFSCME argues that in the event sec. 111.70(7m)(e), Stats., is an available affirmative defense in this case, this defense was not included in Brown county's answer, and, therefore, the trial court inappropriately allowed the submission of evidence regarding this defense. Contrary to Brown county's

statement in its brief, Brown county did not raise the affirmative defense of good cause in its answer to AFSCME's complaint. Brown county's answer included a general denial of liability and three other affirmative defenses. However, these general denials and affirmative defenses do not automatically raise all available affirmative defenses. A defendant is required to set forth each affirmative defense. Section 803.02(3).

Notwithstanding, a party is not necessarily foreclosed from the benefits of an affirmative defense which was not raised in the answer. Section 802.09(2), Stats., provides:

> "Amendments to conform to the evidence. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleading. ... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

AFSCME objected to the admission of the evidence regarding the good cause defense, and, therefore, no express or implied consent existed. *See State v. Peterson,* 104 Wis. 616, 629–30, 312 N.W.2d 784 (1981). However, sec. 802.09(2) provides that the trial court may *sua sponte* amend the pleadings if the presenta-

tion of the merits of the action will be subserved thereby.

A trial court may amend a pleading within its exercise of discretion. *Stanhope v. Brown County,* 90 Wis. 2d 823, 834, 280 N.W.2d 711 (1979). A trial court has broader discretion in amending pleadings in a civil action than when amending pleadings in a criminal action. *Peterson,* 104 Wis. 2d at 620 n. 5. Similarly, a trial court has more discretion when the amended pleading arises out of the same occurrence as that upon which the original pleading was based. *McGowan v. Story,* 70 Wis. 2d 189, 202, 234 N.W.2d 325 (1975). Trial courts should more liberally allow amendments to answers which create new defenses than they allow amendments to complaints because the plaintiff can dismiss the action and start anew, an option not open to the defendant. Section 802.09, Stats. Ann., Interpretive Commentary.

A trial court can amend pleadings orally, *Union Mfg. Co. v. Spies,* 181 Wis. 497, 503, 195 N.W. 326 (1923) but amendments cannot unfairly deprive an adverse party of an opportunity to contest the issues raised by the amendment. *Soczka v. Rechner,* 73 Wis. 2d 157, 162, 242 N.W.2d 910 (1976). Furthermore, this court has allowed trial courts to informally amend the pleadings if the opposing party is not prejudiced by the amendment. *Sprecher v. Weston's Bar, Inc.,* 78 Wis. 2d 26, 49, 253 N.W.2d 493 (1977).

At the beginning of the trial of this case, the court stated:

> "There's certainly a question here, and I think a serious question, as to whether or not the statute

should not be read in conjunction with Section 111.70, specifically (7) and (e) which talks in terms of good cause; and certainly the Court does not intend to foreclose counsel today from getting into the question of good cause which necessarily involves testimony on the surrounding circumstances."

AFSCME then stipulated to most of the facts which constituted Brown county's good cause defense. AFSCME did so while continuing its objection "on the basis of materiality."

AFSCME's assessment of the case resulted in a decision to object to the evidence regarding the good cause defense only on the legal basis that it was not material because sec. 111.70(7m)(e), Stats., did not relate to or impact on this case. When the trial court amended the answer to include this affirmative defense, AFSCME continued its objection only on that basis. AFSCME never objected on the basis that the amendment unduly prejudiced its case because of a lack of opportunity to contest the issue raised by the amendment. AFSCME never requested a continuance.

The trial court orally informed both parties that good cause was an issue in the case and thus both parties were aware that issue would be decided. The facts constituting Brown county's good cause defense were stipulated into the record.

■

Absent the trial court's affirmative ruling on AFSCME's objection that the admission of this evidence would prejudice its case, the sec. 111.70(7m)(e), Stats., good cause defense was before the trial court. Therefore, it was appropriate for the trial court to hear evidence regarding this defense.

738

The trial court found that the county established good cause for not immediately paying the retroactive wages to the employees pursuant to the arbitration award until April 5 and April 8, 1983. The county paid the retroactive wage increase as promptly as its usual procedures allowed. The parties stipulated that in the past the county had paid retroactive wage increases in the same fashion as it did after this arbitration award. AFSCME, by its newsletter, recognized that the county's payment would conform with its past conduct. Brown county's conduct in this case is not consistent with that intended to be punished by the criminal or civil provisions of ch. 109. Chapter 109 does not control.

On the issue of whether the county had good cause for paying the retroactive wage increase almost two months after the arbitration award, the trial court found that the county had proven good cause. This determination is a mixed question of fact and law. *Nottelson v. ILHR Department,* 94 Wis. 2d 106, 115–16, 287 N.W.2d 763 (1980). The course of events and the reasons therefor are findings of fact which will not be disturbed unless clearly erroneous. Sec. 805.17(2), Stats.[2] A review of the record in this case

[2]Sec. 805.17(2), Stats., provides as follows:

"Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the ultimate facts and state separately its conclusions of law thereon. The court shall either file its findings and conclusions prior to or concurrent with rendering judgment, state them orally on the record following the close of evidence or set them forth in an opinion or memorandum of decision filed by the court. In granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review.

reveals that the trial court found that Brown county did not pay the retroactive wages sooner because the award was not approved by the county board. The award was not approved at the February meeting because the subject of the award, by local rule, was not allowed on the agenda. We conclude these findings are not clearly erroneous.

The second question of whether these facts fulfill the legal standard of good cause is a question of law. *Department of Revenue v. Exxon Corp.*, 90 Wis. 2d 700, 713, 281 N.W.2d 94 (1979). We conclude as a matter of law that the facts presented by Brown county proved good cause for its delay in paying the retroactive wages due.

*By the Court.*—The decision of the court of appeals is affirmed.

---

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a referee may be adopted in whole or part as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of ultimate fact and conclusions of law appear therein. If the court directs a party to submit proposed findings and conclusions, the party shall serve the proposed findings and conclusions on all other parties not later than the time of submission to the court. The findings and conclusions or memorandum of decision shall be made as soon as practicable and in no event more than 60 days after the cause has been submitted in final form."