THOMAS SCHROEDER, Corporation Counsel Rock County
You ask whether members of a social services board in a county with a county executive or a county administrator may be granted access to child abuse and neglect files.
In my opinion, the answer is yes if such access is necessary to permit the board to perform its statutory duties.
Section 48.981, Stats., was amended and recreated in substantially its present form in 1983 Wisconsin Act 172. That legislation and subsequent amendments are required "to conform with federal regulations." Compare Freed v. Worcester County,69 Md. App. 447, 518 A.2d 159, 162 (1986). Those regulations now appear in 45 C.F.R. § 1340.14 (i)(2) (1989), which provides in part:
 If a State chooses to, it may authorize by statute disclosure to any or all of the following persons and agencies, under limitations and procedures the State determines:
 (i) The agency (agencies) or organizations (including its designated multi-disciplinary case consultation team) legally mandated by any Federal or State law to receive and investigate reports of known and suspected child abuse and neglect;
. . . .
 (x) An appropriate State or local official responsible for administration of the child protective service or for oversight *Page 213 
of the enabling or appropriating legislation, carrying out his or her official functions;
Section 48.981 (7), in turn provides in part:
 CONFIDENTIALITY. (a) All reports made under this section, notices provided under sub. (3) (bm) and records maintained by the department, county departments and other persons, officials and institutions shall be confidential. Reports and records may be disclosed only to the following persons:
. . . .
 2. Appropriate staff of the department, a county department or licensed child welfare agency under contract with the county departments, or a tribal social services department.
. . . .
 7. Another county department, or licensed child welfare agency under contract with that county department, or a tribal social services department that is currently investigating a report of suspected or threatened child abuse or neglect involving a subject of the record or report.
The state statute must be construed in a manner consistent with federal legislation and attendant regulations. See 69 Op. Att'y Gen. 95, 100 (1980). 45 C.F.R. § 1340.14 (i)(2)(i) (1989) refers to "agencies" and "organizations." A social services department is an "agency." Under section 46.22 (1)(a), "[t]he county department of social services shall consist of a county social services board, a county social services director and necessary personnel." County social services boards are therefore "part and parcel of county [social services] departments." 59 Op. Att'y Gen. 240, 248 (1970).
In 59 Op. Att'y Gen. at 248, my predecessor concluded that, given the language contained in section 46.22 (1)(a), county welfare boards may obtain access to records that are confidential *Page 214 
under section 48.78. As to committees appointed by the welfare board, however, that opinion concluded as follows:
 Committees appointed by the county welfare board are purely advisory in character. They are not enumerated in secs. 48.78 or 48.56, Stats., as an exempted agency. Hence, they are completely barred to child welfare files as provided by the confidentiality statute. Moreover, it is extremely doubtful that they have sufficient standing to obtain a court order which would permit an inspection of such records. On the other hand, there can be no objection to supplying such committees with statistical data which does not identify individuals for purposes of advising the board as to policy matters. The confidentiality statute was designed to protect individuals from humiliation and embarrassment. It was not meant to stifle all degrees of inquiry.
59 Op. Att'y Gen. at 248.
Section 48.981 (7) is a specific statute governing access to records concerning child abuse and neglect. Its provisions are controlling over the more general provisions of section 48.78
concerning records generally maintained by county social services agencies. See e.g., Employees Local 1901 v. Brown County,146 Wis.2d 728, 735, 432 N.W.2d 571 (1988). 59 Op. Att'y Gen. 240 therefore is not dispositive with respect to your inquiry, since it does not and could not have analyzed the more specific provisions in section 48.981.
You indicate that, in section 48.981 (7)(a)2., the Legislature chose to employ the term "appropriate staff," while no such terminology appears in section 48.78. You therefore suggest that the language of the former statute is more stringent and that members of the welfare board are not "staff."
While I agree that the phrase "appropriate staff" may connote a degree of confidentiality more stringent than the term "agency" in section 48.78, I am unwilling to conclude that members of a social services board are not "staff." To reach such a result would also require me to conclude that members of multi-county social *Page 215 
services boards and members of social services boards in counties without a county executive and a county administrator are not "staff" even though such boards "[s]upervise the working of the county department of social services and shall be . . . policy-making bod[ies] determining the broad outlines and principles governing the administration of the functions, duties and powers assigned to the county department of social services . . . ." Sec.46.22 (2)(c), Stats.
Statutes should be construed to avoid results which are "unrealistic and unreasonable." Maxey v. Racine RedevelopmentAuthority, 120 Wis.2d 13, 20, 353 N.W.2d 812 (Ct.App. 1984). It would be both unrealistic and unreasonable to impede a social services board from performing its statutory duties under section46.22 (2)(c) on the theory that members of the board are not "staff." I therefore reject that construction of the term "staff" and conclude that, under section 46.22 (1)(a), members of the social services board, the county social services director and personnel in the county social services department are all "staff." Board members therefore cannot be denied access on the basis that "[t]hey are not enumerated in . . . [the confidentiality statute] as an exempted agency." Compare 59 Op. Att'y Gen. at 248.
Finally, you suggest, in effect, that even if members of a county social services board in a county with a county executive or a county administrator are staff, social services boards in such counties function in a manner analogous to the advisory committees described in 59 Op. Att'y Gen. at 248.
Section 46.22 (2g) provides as follows:
 POWERS AND DUTIES OF COUNTY SOCIAL SERVICES BOARD IN CERTAIN COUNTIES WITH A COUNTY EXECUTIVE OR COUNTY ADMINISTRATOR. A county social services board appointed under sub. (1m)(b)2 shall:
. . . .
 (b) Appoint committees consisting of residents of the county to advise the county social services board as it deems *Page 216 
necessary. Members of such committees shall serve without compensation.
 (c) Recommend program priorities, identify unmet service needs and prepare short-term and long-term plans and budgets for meeting such priorities and needs.
 (d) Prepare, with the assistance of the county social services director under sub. (3m)(b)5, a proposed budget for submission to the county executive or county administrator and to the department of health and social services in accordance with s. 46.031 (1) for authorized services.
 (e) Advise the county social services director under sub. (3m)(b)3 regarding purchasing and providing services and the selection of purchase of service vendors, and make recommendations to the county executive or county administrator regarding modifications in such purchasing, providing and selection.
 (f) Develop county social services board operating procedures.
(g) Comply with state requirements.
 (h) Assist in arranging cooperative working agreements with persons providing health, education, vocational or welfare services related to services provided under this section.
When compared with other county social services boards, social services boards in counties with a county executive or a county administrator undoubtedly have relatively few powers. See
sec. 46.22 (2), Stats. But they are not the functional equivalent of advisory committees such as those described in 59 Op. Att'y Gen. at 248, since they still retain the power to appoint such committees. Sec. 46.22 (2g)(b), Stats. I recognize that, in counties such as yours, many of the functions now exercised by members of the social services board are advisory in nature. Nevertheless, some relevant, non-advisory functions, notably identification of unmet service needs and preparation of departmental plans and budgets, do remain. Sec. 46.22 (2g)(c) and (d), Stats. *Page 217 
As with any other county social services department personnel, the question is whether board members require access to such records to perform one or more of their statutory duties. If so, they are "appropriate staff" within the meaning of section48.981 (7)(a)2. That determination must be made by the county social services director on a case-by-case basis in the exercise of his or her supervisory authority. See sec. 46.22 (3m)(b)1. and lm., Stats.
I therefore conclude that members of a social services board in a county with a county executive or a county administrator may be granted access to child abuse and neglect files pursuant to section 48.981 (7)(a)2. of the statutes if such access is necessary to allow them to perform their statutory duties.
DJH:FTC
 *Page 1