John P. Zakowski for the State Department of Workforce Development ex rel Wayne M. Vanden Avond, Plaintiff-Respondent,
v.
CWA Transport, Inc., Defendant-Appellant.
No. 04-0312.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
¶1 CANE, C.J.[1]
This case centers on a wage claim. CWA Transport, Inc., appeals a judgment entered in favor of Wayne M. Vanden Avond for withheld severance pay. CWA argues the trial court erred by (1) concluding that the payment CWA promised to Vanden Avond was severance pay, as opposed to simply being a gratuitous promise, (2) adding a 50% penalty to the unpaid wages, and (3) awarding Vanden Avond reasonable attorney fees. We affirm the judgment and remand the matter to the trial court for a determination of reasonable attorney fees incurred in relation to this appeal.
¶2 On Monday, June 3, 2002, CWA's managers terminated Vanden Avond's employment. Either during that conversation or immediately afterward, CWA indicated it would pay Vanden Avond five days' pay, the remainder of the pay period. Shortly thereafter, Vanden Avond returned his uniform and various holiday gifts he received during his employment. Due to what CWA characterizes as this "insulting gesture," CWA decided not to pay Vanden Avond for the remainder of the week.
¶3 The Department of Workforce Development initiated a small claims action on Vanden Avond's behalf against CWA for unpaid wages. In addition to seeking the five days' pay CWA extended to Vanden Avond, Vanden Avond claimed he was entitled to nine days' vacation pay as well as a 50% unpaid wage penalty. See WIS. STAT. § 109.11(2). The court commissioner later dismissed the action, and Vanden Avond filed a demand for a trial. See WIS. STAT. § 799.207(5).
¶4 After a court trial, the court found that Vanden Avond was not entitled to vacation pay and actually had received one extra day of vacation pay. The court also found that the five days' pay CWA extended to Vanden Avond was not merely a gratuitous promise, as CWA claimed, but was severance pay. Because CWA overpaid Vanden Avond one day of vacation pay, the court found he was entitled to four days' severance pay, or $584.60. Pursuant to WIS. STAT. § 109.11(2), the court imposed a 50% penalty for the unpaid wages, resulting in an additional $292.30. The court also awarded Vanden Avond $140 in costs and $3,853.75 in reasonable attorney fees. The court later denied CWA's motion for reconsideration. CWA appeals.
¶5 CWA argues the compensation Vanden Avond claimed was not "wages." It notes that WIS. STAT. § 109.01(3) defines "wages" as meaning "remuneration payable to an employee for personal services." Although § 109.01(3) proceeds to list "severance pay" as an example of a wage, CWA argues that Vanden Avond could not have received severance pay because it was not tied to any personal services Vanden Avond rendered during that week. In CWA's estimation, what the court found to be severance pay was nothing more than a gratuitous promise to pay Vanden Avond for the remainder of the week.
¶6 We agree with CWA to the extent that it submits that remuneration payable to an employee for personal services is "the touchstone" for determining whether a payment constitutes a wage. See DILHR v. Coatings, Inc., 126 Wis. 2d 338, 344-45, 376 N.W.2d 834 (1985). However, we disagree with CWA's contention that Vanden Avond could not have received a wage during the four days after he was terminated because he did not provide personal services during that time. WISCONSIN STAT. § 109.01(3) specifically characterizes severance pay as a wage. In Compton v. Shopko Stores, Inc., 93 Wis. 2d 613, 623, 287 N.W.2d 720 (1980), the supreme court characterized severance pay as a form of compensation for the termination of employment that is compensation for past services.
¶7 Because severance pay is remuneration for past personal services, Vanden Avond need not have provided CWA additional personal services after CWA terminated his employment in order for him to obtain a severance pay wage. See id. Thus, CWA's argument essentially is a challenge to the trial court's finding that the compensation CWA extended Vanden Avond was severance pay. Upon reviewing the record, we conclude the finding is not clearly erroneous. See WIS. STAT. § 805.17(2).[2]
¶8 CWA next argues the trial court erred by imposing a 50% penalty for unpaid wages under WIS. STAT. § 109.11(2). We disagree.
¶9 Whether the employer should be penalized under WIS. STAT. § 109.11(2) is addressed to the trial court's discretion. See id. A trial court properly exercises its discretion when it applies the appropriate legal standard to the facts of record and, using a logical reasoning process, draws a conclusion that a reasonable judge could reach. Stan's Lumber, Inc. v. Fleming, 196 Wis. 2d 554, 572, 538 N.W.2d 849 (Ct. App. 1995). As CWA correctly mentions, not all employer conduct is subject to the civil penalty contained in § 109.11(2). See American Fed'n of State, Local 1901 v. Brown County, 140 Wis. 2d 850, 854-56, 412 N.W.2d 167 (Ct. App. 1987), aff'd, 146 Wis. 2d 728, 432 N.W.2d 571 (1988). Only the wrongful withholding of wages for dilatory or other unjust reason should be penalized. See id.
¶10 CWA claims its failure to pay was not predicated on wrongful behavior, obstinacy or bad faith, but rather resulted from CWA's honest belief that Vanden Avond was not entitled to the compensation CWA previously offered. However, in its appellate brief, CWA concedes it refused to pay Vanden Avond the severance pay after CWA's managers were personally hurt after Vanden Avond returned some holiday gifts he received during his employment. CWA characterizes Vanden Avond's actions as "an insulting gesture" and correspondingly decided not to pay Vanden Avond. In light of these circumstances, the trial court did not erroneously exercise its discretion by imposing a 50% penalty on CWA for failure to pay Vanden Avond's severance wage.
¶11 Finally, CWA claims the trial court erred by awarding Vanden Avond nearly $3,953.75 in attorney fees. We disagree.
¶12 If an employee is a prevailing party in a wage claim, the trial court may award attorney fees. See WIS. STAT. § 109.03(6); Jacobson v. American Tool Cos., 222 Wis. 2d 384, 402, 588 N.W.2d 67 (Ct. App. 1998). We defer to the trial court's attorney fee determination because it has the "advantageous position to observe the amount and quality of work performed and has the expertise to evaluate the reasonableness of the fees." Allied Processors, Inc. v. Western Nat'l Mut. Ins. Co., 2001 WI App 129, ¶46, 246 Wis. 2d 579, 629 N.W.2d 329. We will sustain the award unless the trial court erroneously exercised its discretion. Beaudette v. Eau Claire County Sheriff's Dep't, 2003 WI App 153, ¶31, 265 Wis. 2d 744, 668 N.W.2d 133.
¶13 First, Vanden Avond was a prevailing party. A prevailing party is one who "succeeds on any significant issue in litigation which achieves some of the benefit sought by bringing suit." Footville State Bank v. Harvell, 146 Wis. 2d 524, 539-40, 432 N.W.2d 122 (Ct. App. 1988) (defining "prevailing party" in Wisconsin Consumer Act context).[3] Here, Vanden Avond succeeded on his wage claim.
¶14 Second, as to whether attorney fees should even be awarded to Vanden Avond as the prevailing party, the court heard evidence, over Vanden Avond's objection, of CWA's attempt to settle the case for slightly more than Vandon Avond ultimately received. However, it concluded that attorney fees were still appropriate. This was a reasonable exercise of discretion. The purpose of WIS. STAT. ch. 109 is to ensure employees receive their wages to prevent harm to themselves and their families. Jacobson, 222 Wis. 2d at 400-01. If Vanden Avond were not awarded attorney fees, he would be forced to pay the fees out of his pocket and, thus, would not receive the full wages to which he was entitled. See id. Consequently, even assuming the settlement negotiations are somehow relevant, it was reasonable for the trial court to award Vanden Avond attorney fees.
¶15 As to the amount, the court was concerned that Vanden Avond's attorney expended a significant amount of time litigating the vacation claim that ultimately was unsuccessful. However, after considering Vanden Avond's attorney's itemized bill, the court found that some of the time spent on litigating that claim was time that would inevitably have been spent on the action regardless (such as conferences and mandatory court appearances) and that some time spent investigating the claims yielded useful information for both claims. Nevertheless, as to the attorney fees for the time spent prior to and up until the conclusion of the trial, the court reduced the amount Vanden Avond sought by half, awarding him $2,643.75. This was a reasonable exercise of discretion. Noting that CWA's post-trial posture required Vanden Avond to expend time defending against CWA's motions, the court also awarded Vanden Avond $1,210 in attorney fees. This was a reasonable exercise of discretion as well.
¶16 Vanden Avond contends that he is entitled to recover additional reasonable attorney fees incurred in relation to this appeal. See Chmill v. Friendly Ford-Mercury, 154 Wis. 2d 407, 418, 453 N.W.2d 197 (Ct. App. 1990) (additional attorney fees in lemon-law action). We agree and remand the matter to the trial court for a determination as to the reasonable amount of attorney fees Vanden Avond incurred.
By the Court.  Judgment affirmed and cause remanded.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] CWA does not squarely frame its appeal to challenge the court's finding that Vanden Avond received severance pay. However, in connection with its other arguments, insofar as CWA contends Vanden Avond could not have received severance pay because CWA does not have a written policy for awarding severance pay, we note that severance pay can stem from an oral agreement. See Markusen v. General Aniline & Film Corp., 16 F.R.D. 455, 457 n.2 (S.D.N.Y. 1954). Also, to the extent that CWA contends Vanden Avond is not entitled to additional compensation because he was an ex-employee at the time CWA agreed to pay Vanden Avond one week's pay, the record contains competing factual assertions as to when the agreement was made, be it during the conversation in which CWA terminated Vanden Avond or afterwards. However, even if CWA made the agreement after it fired Vanden Avond, because severance pay is compensation for past personal services, the timing of the agreement would not upset a finding that Vanden Avond was entitled to the wage.
[3] As was the case in Estate of Wheeler v. Franco, 2002 WI App 190, ¶7, 256 Wis. 2d 757, 649 N.W.2d 711, our giving meaning to "prevailing party" in a wage claim context "is guided by case law interpreting the identical phrase under other fee-shifting statutes."